J-S51015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY MOIST, | |
| Appellant | No. 74 MDA 2014 |

Appeal from the Judgment of Sentence December 6, 2013
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000008-2008

BEFORE:  BOWES, OTT, and MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 13, 2014**

Anthony Moist appeals from the judgment of sentence of five to ten years incarceration to be followed by five years probation imposed by the trial court after he violated the conditions of his State Intermediate Punishment ("SIP") sentence.  We affirm.

Appellant was initially sentenced on April 14, 2009, to one and one-half to three years incarceration to be followed by six years probation for two counts of possession with intent to deliver ("PWID") heroin and one count of conspiracy to commit PWID.  Thereafter, the court revoked Appellant's probation on each count and resentenced Appellant on December 6, 2012 to a SIP sentence.  The court terminated Appellant's SIP sentence after he acknowledged violating the conditions of the program by using heroin.  It then sentenced Appellant on December 6, 2013, to two

concurrent five-to-ten year periods of incarceration followed by five years probation. Appellant timely filed a post-sentence motion contending that the probationary period was unwarranted. The court denied Appellant's motion. This appeal ensued and the trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the matter is now ready for our review. The sole issue Appellant levels on appeal is: "[d]id the [t]rial [c]ourt commit error in sentencing Appellant, particularly were the sentence was longer than that requested by the Commonwealth and Appellant is likely to face new charges?" Appellant's brief at 5.

Appellant's claim is a challenge to the discretionary aspects of his sentence. To adequately preserve a discretionary sentencing claim, the defendant must present the issue in either a post-sentence motion or raise the claim during the sentencing proceedings. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). Further, the defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement." **Id**. Importantly, "There is no absolute right to appeal when challenging the discretionary aspect of a sentence." **Id**. "[A]n appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." **Id.**

Appellant preserved his issue in his post-sentencing motion, 1925(b) concise statement, and included a Pa.R.A.P. 2119(f) statement within his brief. Therein, he asserts, without citation, that he has raised a substantial question for review because Appellant admitted his violations, is likely to receive an additional sentence for the new offenses that resulted in his violation, and the sentence "was beyond that requested by the Commonwealth." Appellant's brief at 8.

The Commonwealth initially counters that Appellant has not raised a substantial question. In this respect, it notes that bald challenges to imposition of consecutive sentences has been held not to raise a substantial question for our review. *Cf. Commonwealth v. Dodge*, 77 A.3d 1263 (Pa.Super. 2013) (noting distinction between bald challenge to consecutive nature of sentences with developed claim). We agree that Appellant's brief does not present a substantial question as to whether the sentence was appropriate under the sentencing code. Appellant has failed to cite a single case in support of his contention that he has presented a substantial question for review. Appellant does not indicate in his 2119(f) statement what provision of the sentencing code the court allegedly violated, nor does he marshal any argument that the fundamental norms of the sentencing process were violated. *See e.g. Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa.Super. 2007).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/2014