J-A18045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES ANTHONY BAKER, SR. | |
| Appellant | No. 2059 MDA 2013 |

Appeal from the Judgment of Sentence November 4, 2013
In the Court of Common Pleas of Tioga County
Criminal Division at No(s): CP-59-CR-0000127-2012

BEFORE:  LAZARUS, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 29, 2014**

James Anthony Baker, Sr., appeals from the judgment of sentence imposed by the Court of Common Pleas of Tioga County after he pled *nolo contendere* to two counts of corruption of minors[1] and two counts of indecent assault of a person less than 16 years of age.[2]  Prior to imposing sentence, the court determined that Baker is a sexually violent predator (SVP).  Following careful review, we affirm.

Baker and his wife were foster parents to two teenage girls, A.D. and J.B.  While A.D., a special education student, was between the ages of 13 and 15, Baker engaged in sexual activity with her.  He also sent her text

_____

[1] 18 Pa.C.S. § 6301(a)(1).

[2] 18 Pa.C.S. § 3126(a)(8).

messages requesting photographs of her breasts and vagina. At Baker's direction, J.B., who was between the ages of 17 and 18, sent him photographs of her breasts.

Baker was charged with six counts of involuntary deviate sexual intercourse, four counts of statutory sexual assault, four counts of aggravated indecent assault, five counts of corruption of minors and seven counts of indecent assault. On March 18, 2013, Baker pled *nolo contendere* to two counts of corruption of minors and two counts of indecent assault. On April 22, 2013, the court ordered that Baker be evaluated by the Sexual Offenders Assessment Board (the Board).

The court held a hearing on November 4, 2013, at which Board member William G. Allenbaugh, II, testified that Baker suffers from paraphilia, and has an increased risk of re-offending. N.T. SVP and Sentencing Hearing, 11/4/13, at 9. After concluding that Baker was an SVP, the court imposed two consecutive sentences of 12 to 36 months' incarceration for corruption of minors, plus two consecutive sentences of 6 to 12 months' incarceration for indecent assault, for a total period of confinement of 3 to 8 years.

On November 14, 2013, Baker filed a timely post-sentence motion asserting that the trial court erred by designating him an SVP, and requesting modification of sentence. The court denied the motion the following day.

J-A18045-14

This appeal followed, in which Baker raises the following issues for our review:

1. Whether the trial court erred in finding that the Commonwealth proved by clear and convincing evidence that Baker would qualify as a sexually violent predator.

2. Whether the trial court erred in determining that Baker suffered from a mental abnormality and/or personality disorder that is linked to sexually violent offenses and that he in any way would be predisposed to commit acts of sexual violence.

3. Whether the trial court imposed an unreasonable sentence by sentencing in the aggravated range and failing to state upon the record appropriate reasons for the sentence.

Brief of Appellant, at 6.

Our standard of review is well settled:

The determination of a defendant's SVP status may only be made following an assessment by the Board and hearing before the trial court. In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a sexually violent predator. As with any sufficiency of the evidence claim, we view all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

The standard of proof governing the determination of SVP status, i.e., "clear and convincing evidence," has been described as an "intermediate" test, which is more exacting than a preponderance of the evidence test, but less exacting than proof beyond a reasonable doubt.

* * *

- 3 -

> The clear and convincing standard requires evidence that is "so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [in] issue."

***Commonwealth v. Fuentes***, 991 A.2d 935, 941-42 (Pa. Super. 2010) (en banc) (citations omitted).

With respect to Baker's challenge to his designation as an SVP, we rely on the analysis of the Honorable Robert E. Dalton, Jr., which includes a discussion of the testimony of Board member William G. Allenbaugh, II, and the testimony of Baker's expert witness, Dr. Timothy P. Foley, a licensed psychologist. Accordingly, we direct the parties to attach a copy of Judge Dalton's opinion in the event of further proceedings.

Baker next asserts that the trial court abused its discretion by imposing a sentence in the aggravated range.

We apply the following standard of review to sentencing matters:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hoch***, 936 A.2d 515, 517-18 (Pa. Super. 2007) (citation omitted).

The right to review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for allowance of appeal. ***Id.*** at

518. An appellant must satisfy a four-prong test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted).

Baker fulfilled the first two elements by filing a timely notice of appeal and preserving his claim in a timely post-sentence motion. He has met the third element because his brief contains the required concise statement of the reasons relied upon for appeal as required by Pa.R.A.P. 2119(f). Accordingly, we must determine if his challenge to the discretionary aspect of his sentence raises a substantial question.

> Whether a particular challenge to a sentence amounts to a substantial question is determined on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (citations and internal quotation marks omitted). This Court has held that an allegation that the trial court failed to state adequate reasons for imposing a sentence in the aggravated range raises a substantial question.

*Commonwealth v. Booze*, 953 A.2d 1253, 1278 (Pa. Super. 2008). Therefore, we will review Baker's claim.

Baker had a prior record score of zero. The offense gravity score on the corruption of minors counts was 5. The standard range sentence was restorative sanctions through 9 months' incarceration, while the aggravated range was 12 to 60 months' incarceration. The court imposed consecutive sentences of 12 to 36 months. The offense gravity score on the indecent assault counts was 4. The standard range was restorative sanctions through 3 months' incarceration, while the aggravated range was 6 to 24 months' incarceration. The court imposed consecutive sentences of 6 to 12 months' incarceration.

Section 9721(b) of the Sentencing Code provides, in relevant part, that "the court shall . . . disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b).

Here, the trial court noted the following factors that it considered when imposing sentences in the aggravated range: (1) the lack of "excuse, or justification, or provocation, or even mitigation in this case." N.T. SVP and Sentencing Hearing, 11/4/13, at 47; (2) Baker's "conduct is of the nature . . . that "would be likely to reoccur" if not for the sentence the court was imposing. *Id.* at 49; (3) "The crimes committed in this case have to be treated more seriously than normal. We have an offender here who was in a position of authority, actually as a foster parent, who was willing to take

advantage of that and abused two minor young girls." *Id.*; (4) "[A]ny lesser sentence than the one I am going to impose would deprecate the serious nature of these charges. *Id.*; and (5) Baker "would be an extremely poor risk [were] he not incarcerated and also required to participate in mandatory sexual offender counselling as part of his incarceration." *Id.* at 49-50.

The factors set forth by the trial court, which include the seriousness of the offense, the specific facts of the crime and Baker's individual characteristics, sufficiently explain the court's reasoning for imposing a sentence in the aggravated range.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2014

# [c]COPY

COMMONWEALTH OF PENNSYLVANIA  :  IN THE COURT OF COMMON PLEAS

VS.  :  OF TIOGA COUNTY, PENNSYLVANIA

JAMES ANTHONY BAKER, SR.  :  NO. 127 CR 2012

OPINION

James Anthony Baker, Sr. was originally charged with a total of twenty-eight counts stemming from sexual acts he perpetrated on a female minor foster child living under his care. The acts occurred over a period of a couple of years when the child was from thirteen to fifteen years of age.

On March 18, 2013, the defendant appeared before the court and entered pleas of nolo contendere to Count 19, Corruption of Minors, a misdemeanor of the first degree; Count 21, Corruption of Minors, a misdemeanor of the first degree; Count 22, Indecent Assault, a misdemeanor of the second degree and Count 23, Indecent Assault, a misdemeanor of the second degree. All remaining counts were dismissed upon motion of Tioga County District Attorney.

On appeal, Defendant challenges the court's ruling that he qualifies as a sexually violent predator and that he suffers from a mental abnormality and/or personality disorder that is linked to sexually violent offenses. Additionally, the defendant argues that the court erred in concluding that he suffers from a mental abnormality and/or personality disorder that effects the volitional capacity that he would in any way be predisposed to commit acts of sexual violence and that he was likely to perpetrate sexual violent acts in the future. The defendant asserts that the court

-1-

APPENDIX "B"

erred in finding that the Commonwealth established by clear and convincing evidence that Paraphilia NOS is a mental abnormality and/or personality disorder that would be linked to sexually violent offenses. Lastly, the defendant argues that the court erred in imposing a sentence in the aggravated range.

In determining the defendant's status as a sexually violent predator, the court heard testimony from William Allenbaugh, II, licensed psychologist and a member of the Pennsylvania Sexual Offenders Assessment Board. Mr. Allenbaugh was appointed to the board in 1996 and has served continuously since that time. He estimated that he has conducted approximately one thousand evaluations as a member of the board. The testimony of Mr. Allenbaugh clearly established that the defendant meets the criteria of a sexually violent predator.

Mr. Allenbaugh testified that there are fourteen non-weighted factors that must be considered in his evaluation. The first factor he considered was whether there was more than one victim, and, in this case, there were two foster children entrusted to his care. One female minor was repeatedly sexually assaulted and he solicited nude pictures from the other child. Allenbaugh found that the defendant did not exceed the means necessary to achieve the offense, nor was there any eroticized anger. However, the defendant did use his position of trust as a way of gaining access to his victim. The nature of the sexual contact was fondling, oral and vaginal intercourse and requesting and receiving nude pictures from both victims in return for a can of snuff.

The victims were both post-pubescent girls, victim number one having been assaulted from the age of thirteen to fifteen. Victim number two was sixteen or seventeen when the pictures were solicited by the defendant. There was no indication of any unusual cruelty or

-2-

sadistic behavior on the part of the defendant. However, the younger victim was enrolled in special education classes in school so she was viewed as being extremely vulnerable. The older victim was of normal intellectual abilities, but neither girl was able to give consent, legally and/or developmentally. Whether the defendant has a prior criminal record is also a factor to consider, and, in this case, Mr. Baker had no prior arrests.

The defendant was forty-six years of age when the sexual assault occurred and the victims were thirteen and fifteen. The vast difference in age indicates the presence of Paraphilia on the part of the defendant. There were no illegal drugs or substance abuse involved, with the exception of the exchange of snuff.

The defendant's behavioral characteristics that contributed to his conduct was an additional factor which points toward his status as a sexually violent predator. Mr. Baker gained the trust of these girls through his status as a foster parent and used his power and control to assault the children entrusted to his care. Mr. Allenbaugh also pointed out that, based upon the literature related to risk to re-offend, deviant sexual interest increased ones' risk to re-offend.

Mr. Allenbaugh determined that the defendant did meet the diagnostic criteria for a mental abnormality in a form of Paraphilia NOS, and increases the risk of re-offending. The defendant's behavior occurred over a period of six months and he had intense arousing fantasies and/or behaviors against the children that was exemplified by his behavior over a period of two and one-half to three years, which indicates the presence of Paraphilia.

The final factor for consideration is the predatory behavior criteria. Predatory is defined as an act directed at a stranger or a person with whom a relationship has been initiated, established, maintained or promoted in whole or in part in order to support or facilitate

-3-

victimization. Once the assaults began in this case, the relationship between the defendant and his foster daughter changed dramatically and was facilitated and promoted, at least in part, for the purpose of sexual gratification. Therefore, it was the opinion of Mr. Allenbaugh that the defendant met the criteria established by the Act that his behavior was predatory. Based on the factors he was required to consider, it was the professional opinion of Mr. Allenbaugh that the defendant does meet the criteria of a sexually violent predator as defined under the Act.

The defendant presented Dr. Timothy Foley, licensed psychologist in Pennsylvania and New Jersey in an effort to counter Mr. Allenbaugh's conclusion that he met the criteria of a sexually violent predator. Mr. Foley does not serve on the sexual offender assessment board by his own choice, but his specialty is evaluations and treatment of sexual offenders in the federal and state courts. His approach in conducting an evaluation of a sexual offender is to determine whether an individual is predisposed to a degree that would make him likely to re-offend. In his review of the defendant's records, Mr. Foley did not find any evidence of a Paraphilia. Dr. Foley believes that a finding of Paraphilia NOS is very rare but an adult's attraction to adolescent girls is not a disorder of sexual appetite and is not exceedingly rare.

Dr. Foley's determination, at least in part, was made by using an actuarial tool called the Static-99. The Static-99 provides an analysis of the records of about 25,000 sex offenders released to the community. Its purpose is to provide a moderate predictable validity of the likelihood that an individual will re-offend. In this case, Dr. Foley determined that the defendant had a score of zero and is an extremely low-risk individual.

It was Dr. Foley's opinion that if Mr. Baker had been suffering from a Paraphilic disorder he would expect to see some indications of it previously and that the age of forty-six is rather old

-4-

to just be developing. He acknowledged that the disorder could have been present but not encountered or reported. He testified that sexual interests, urges or behaviors associated with a minor, or a sexually mature thirteen to fifteen-year-old does not constitute a Paraphilic disorder or any psychiatric disorder. However, Mr. Allenbaugh countered Dr. Foley's conclusion with a statement that the court found to be most credible. Mr. Allenbaugh stated that whenever an adult male crosses the line and engages in sexual behavior with a fourteen or fifteen-year-old, that is where the deviance occurs. Crossing over that line is when the interest becomes deviant and where it fits the diagnostic criteria of Paraphilia NOS.

The Act defines a sexually violent predator as a convicted Megan's Law Offender with a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. The Commonwealth has the burden of proving by clear and convincing evidence that an offender qualifies as a sexually violent predator. (42 Pa.C.S.A. §§ 9795.1, 9795.4) The terms "mental abnormality" and "personality disorders" are not psychological terms, per se, but are legislatively defined terms in the Act and do not require proof of a standard of diagnosis that would commonly be found and/or accepted in a mental health program. *Commonwealth v Dengler*, 586 Pa. 54, 890 A.2d 372 (2005).

The Commonwealth presented clear and convincing evidence, both in testimony and written report that the defendant met the statutory criteria for mental abnormality/personality disorder as he has a congenital or acquired condition which is the impetus to the sexually offending. Mr. Allenbaugh found that Mr. Baker meets the diagnostic criteria for Paraphilia Not Otherwise Specified which is considered a congenital or acquired condition. Secondly, if the defendant suffers from a lifetime condition he meets the criteria. Mr. Allenbaugh indicated that

-5-

the condition can wax and wane, it may be triggered by a crisis and is considered to be a lifetime condition. Additionally, the condition was found to override the defendant's volitional control over his action. Mr. Allenbaugh found that despite knowing the potential legal consequences to himself, as well as the harm to the victims, the defendant repeatedly sexually assaulted a foster daughter, as well as sought nude pictures from her and another foster child. Lastly, in terms of the likelihood of re-offending, based on Mr. Allenbaugh's finding of Paraphilia NOS, it appears that the path to offending was in fact deviate in nature and that his interests were so strong in the teenage girls that he was unable to stop his actions.

Finally, the defendant challenges the imposition of sentence in the aggravated range. The court made the factual background and information contained in the pre-sentence report a part of the record which gave the defendant's history and circumstances of the offenses, as well as sentencing guidelines. The court then proceeded to state reasons justifying a sentence in the aggravated range which can be found on pages 47 through 51 of the sentencing transcript of November 4, 2013.

We would therefore submit this matter for appellate review based upon the reasons as given above and as indicated on the record.

By the Court,

_____
Hon. Robert E. Dalton, Jr., Senior Judge

CERTIFIED TRUE AND CORRECT COPY
Tioga County Prothonotary
And Clerk of Courts

January 14, 2014

cc: DA
Robert Hoffa, Esq

-6-