J-S25026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID JAMARR BARKSDALE | |
| Appellant | No. 1603 WDA 2014 |

Appeal from the Judgment of Sentence entered August 28, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0002804-2013

BEFORE:  BENDER, P.J.E., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                  **FILED JULY 28, 2015**

Appellant, David Jamarr Barksdale, appeals from the judgment of sentence the Court of Common Pleas of Erie County entered August 28, 2014.  On appeal, Appellant challenges the discretionary aspects of his sentence.  Upon review, we affirm.

The trial court summarized the background of this matter as follows:

On May 7, 2014, the Appellant appeared before [the trial court] and entered a negotiated no contest plea [to statutory sexual assault, and corruption of minors].  The charge[s] involved the Appellant's commission of sexual intercourse with the fourteen[-]year[-]old victim.  The events took place between June[] 2013 through July[] 2013 in the City of Erie.

On August 28, 2014, the Appellant was sentenced . . . to 30 to 60 months['] incarceration [on the statutory sexual assault

_____

[*]Retired Senior Judge assigned to the Superior Court.

conviction] and . . . 9 to 24 months['] incarceration [on the corruption of minors conviction] to run consecutively to [the statutory sexual conviction]. The aggregate sentence was 39 to 84 months. . . . [On August 29, 2014, Appellant filed a motion for reconsideration of sentence, which the trial court denied on September 2, 2014.[1]]

Appellant filed a [n]otice of [a]ppeal and a [c]oncise [s]tatement of [m]atters [sic] [c]omplained of on [a]ppeal on September 30, 2014 pursuant to Pa.R.A.P. 1925.

Trial Court Opinion, 11/17/14, at 1 (citations to record omitted) (footnote omitted).

On appeal, Appellant argues that the imposition of consecutive sentences and the trial court's alleged failure to consider mitigating factors make his aggregate sentence excessive.[2] Appellant is entitled to no relief on his challenge to the discretionary aspects of his sentence.

---

[1] In both his motion for reconsideration and his Rule 1925(b) statement, Appellant challenged the discretionary aspects of the sentence to the extent the trial court imposed consecutive sentences.

[2] In his statement of questions involved, Appellant challenges only the trial court's failure to consider mitigating factors. **See** Appellant's Brief at 4. In the argument section of the brief, however, Appellant adds another reason for challenging the sentence, *i.e.*, the trial court abused its discretion in sentencing Appellant to consecutive sentences. **Id.** at 10-11. Failure to include the latter issue in the statement of questions involved is generally fatal. **See** Pa.R.A.P. 2116(a) ("[N]o question will be considered unless stated in statement of questions involved or fairly suggested thereby"); **Commonwealth v. Fremd**, 860 A.2d 515, 523-24 (Pa. Super. 2004) ("In his brief, appellant also argues that the police conduct was so outrageous as to bar conviction even if entrapment is not found. Appellant failed to raise this issue in the 'Statement of Questions Involved' portion of his appellate brief and it is, therefore, waived."). Despite the waiver, we will address the merits of the contention.

We begin by addressing [the] standard of review in sentencing matters:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hoch****,* 936 A.2d 515, 517–18 (Pa. Super. 2007) (citation omitted).

The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. ***See Hoch***, 936 A.2d at 518 (citation omitted). An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence.

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted).

***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014)

(*en banc*).

Here, it is undisputed that Appellant timely filed a notice of appeal,

timely filed a post-sentence motion raising a discretionary issue, and

included a Pa.R.A.P. 2119(f) statement in his brief. The only issue is whether he raised a substantial question for our review.

> Whether a particular challenge to a sentence amounts to a substantial question is determined on a case-by-case basis. *See Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012) (citations and internal quotation marks omitted).

*Buterbaugh*, 91 A.3d at 1266.

Appellant argues the trial court abused its discretion in sentencing Appellant to consecutive as opposed to concurrent sentences. Generally, a challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence. *See*, *e.g.*, *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014); *Commonwealth v. Austin*, 66 A3d 798, 808 (Pa. Super. 2013). However,

> we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question. When determining whether a substantial question has been raised, we have focused upon "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case."

*Zirkle*, 107 A.3d at 133-34 (quoting *Commonwealth v. Mastromarino*, 2 A.3d 581, 588 (Pa. Super. 2010)).

Here, the trial court sentenced Appellant to an aggregate sentence of 39 to 84 months' imprisonment in connection with his no contest plea to statutory sexual assault and corruptions of minors. Appellant had sexual intercourse with a fourteen-year-old victim. At the time of the crimes, Appellant was thirty-five years old. We do not find this sentence to be extreme under the circumstances. Appellant, therefore, failed to raise a substantial question for our review.

Similarly, Appellant fails to raise a substantial question for our review regarding the alleged trial court's failure to consider mitigating factors. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." **Commonwealth v. Matroni**, 923 A.2d 444, 455 (Pa. Super. 2007). Moreover, the record belies the argument. A review of the record reveals that the trial court reviewed, *inter alia*, the presentence investigation report. N.T. Sentencing, 8/28/14, at 22. "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1145 (Pa. Super. 2009) (citing **Commonwealth v. Devers**, 546 A.2d 12, 18–19 (Pa. 1988)).

Even if we were to assume Appellant raised a substantial question for our review, we would conclude no relief is due.

In relevant part, Section 9781 of the Sentencing Code provides:

**(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.--**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c), (d).

Here, Appellant acknowledges the sentence was within the guidelines. Appellant's Brief at 10. Thus, the question is whether the sentence, under the circumstance, was clearly unreasonable.

> In determining whether a particular sentence is 'clearly unreasonable' or 'unreasonable,' the appellate court must consider the defendant's background and characteristics as well as the particular circumstances of the offense involved, the trial court's opportunity to observe the defendant, the presentence investigation report, if any, the Sentencing Guidelines as promulgated by the Sentencing Commission, and the 'findings' upon which the trial court based its sentence.

**Coulverson**, 34 A.3d at 147.

Here, upon review of the record before us, and in particular the applicable sentencing guidelines, the findings upon which the trial court based the sentence, **see** N.T. Sentencing, 8/28/14, at 22-27, and the circumstances of the offense, **id.**; **see also** N.T. Plea, 5/7/14, at 9-11, we would conclude the sentence is not clearly unreasonable. Thus, even if we had reached the merits of the issue, we would have found the trial court did not abuse its discretion in fashioning Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/28/2015