J-S05041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JULIETTE ANN MARTIN, | : | |
| | : | |
| Appellant | : | No. 996 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 22, 2019
in the Court of Common Pleas of Mifflin County
Criminal Division at No(s):  CP-44-SA-0000024-2018

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:         **FILED: APRIL 30, 2020**

Juliette Ann Martin ("Martin") appeals from the judgment of sentence imposed following her guilty plea, following a summary appeal, to driving while operating privilege is suspended, her seventeenth offense.[1]  We affirm.

Martin pled guilty, before a magisterial district judge, to driving while operating privilege is suspended on November 29, 2018.[2]  The district judge sentenced Martin to a term of 90 days in county jail, plus a $1,000 fine.  Martin

---

[1] **See** 75 Pa.C.S.A. § 1543(a).

[2] The typewritten traffic citation indicates that Martin was charged under subsection 1543 (b) (concerning a violation where the license suspension was the result of a DUI offense).  However, the citation under subsection 1543(a) is handwritten next to it, and signed by Granville Township Police Officer Thomas Wilson.  The traffic docket indicates that Martin pled guilty to the lesser charge arising out of section 1543(a).

subsequently filed a summary appeal in the Court of Common Pleas of Mifflin County.

On May 22, 2019, the matter proceeded before the trial court. At the start of the hearing, Martin's counsel admitted that Martin drove on the day in question, and asked to proceed with the issue of sentencing. The trial court found Martin guilty under section 1543(a),[3] and sentenced Martin to serve 30 days in county jail, to begin on June 5, 2019, plus a fine of $1,000.[4]

On May 29, 2019, Martin, represented by new counsel, filed a post-sentence Motion to withdraw her guilty plea and extend her surrender date. Specifically, Martin argued that her plea counsel had entered a guilty plea on her behalf, and therefore, her plea was not knowing, intelligent, and voluntary. The trial court scheduled a hearing for June 6, 2019, and stayed Martin's surrender date pending the resolution of her Motion. The Commonwealth filed an Answer to Martin's post-sentence Motion.

Prior to the commencement of the scheduled hearing on the post-sentence Motion, Martin filed a Petition pursuant to the Post Conviction Relief

_____

[3] In its Order and Sentence, the trial court states that Martin entered a guilty plea.

[4] During the hearing, Martin's counsel acknowledged that this was Martin's seventeenth offense, and the 90-day jail term imposed by the district judge would have been appropriate for a conviction under section 1543(b). **See** N.T. (Summary Appeal), 5/22/19, at 3, 7. However, the parties indicated their prior agreement that Martin be allowed to plead to the lesser charge under section 1543(a). **See id.** at 2, 6-7.

Act ("PCRA"), *see* 42 Pa.C.S.A. §§ 9541-9546. Therein, Martin sought to withdraw her post-sentence Motion, and again asserted her claim that plea counsel had entered a guilty plea on her behalf without her agreement. At the start of the hearing, Martin's counsel and the trial court discussed Martin's intention to withdraw her post-sentence Motion, and instead submit the PCRA Petition for review. *See* N.T. (Post-Sentence Motion), 6/6/19, at 2; *see also id.* at 3 (wherein counsel explained that the post-sentence Motion was a legal nullity, because such motions are not permitted in summary appeals); Pa.R.Crim.P. 720(D) (providing that "[t]here shall be no post-sentence motion in summary appeals...."). Counsel then clarified that Martin wished to present mitigation evidence, *i.e.*, that Martin's autistic son began having an emotional meltdown while he was at his vocational program; his uncle did not answer his phone call; and Martin drove to pick up her son.[5] N.T. (Post-Sentence Motion), 6/6/19, at 10. The trial court granted Martin's oral Motion to withdraw both her post-sentence Motion and her PCRA Petition, and denied

---

[5] The trial court also expressed concerns regarding the procedural propriety of the PCRA Petition. *See* N.T. (Post-Sentence Motion), 6/6/19, at 3, 15. The trial court agreed to consider the exchange as an oral Motion to Reconsider her sentence based on the court's inherent authority to amend sentences within 30 days. *Id.* at 17; *see also* 42 Pa.C.S.A. § 5505; Pa.R.Crim.P. 720, cmt. (stating that "[a]lthough there are no post-sentence motions in summary appeals ..., nothing in this rule is intended to preclude the trial judge from acting on a defendant's petition for reconsideration.").

Martin's oral Motion to Reconsider. The trial court additionally directed that Martin's sentence would commence on June 21, 2019.

Martin filed a Motion for Reconsideration on June 19, 2019, requesting that the trial court modify her sentence to include two separate 15-day terms. Martin alleged that her son's medical issues require "constant daily oversight," and for his need to maintain a daily routine. The trial court granted Martin's Motion for Reconsideration.

On June 21, 2019, Martin filed a timely Notice of Appeal from the trial court's May 22, 2019 judgment of sentence.[6] The trial court subsequently ordered Martin to file a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal, and Martin timely complied.

Martin now raises the following issue for our review: "Did not the [trial] court abuse its discretion when it denied [Martin's] request for a new sentencing hearing at which she would present relevant evidence of mitigation that prior counsel failed to present?" Brief for Appellant at 3.

Martin contends that the trial court abused its discretion in denying her request for a new sentencing hearing. *Id.* at 9. Specifically, Martin claims that

> [s]he requested to call witnesses who would have established her motivation for getting behind the wheel despite having a suspended license. As an offer of proof, [Martin] represented

---

[6] Martin also filed a Motion for stay of sentence pending appeal, which the trial court granted.

through counsel that her autistic adult son was having an emotional meltdown while at an adult education center. Testimony in support would have included confirmation that he was there, that he was in emotional crisis, the danger his meltdowns pose to himself and others, and whether anyone but [] Martin is capable of calming him in those times.

*Id.* Additionally, Martin asserts that the trial court improperly referenced an unsworn representation, which was not made part of the record. *Id.* at 10. According to Martin, the trial court failed to consider that she had acted under strong provocation.[7] *Id.*

Trial courts are generally granted broad discretion in sentencing matters. *See Commonwealth v. Hoch*, 936 A.2d 515, 519 (Pa. Super. 2007). Therefore, we will review Martin's sentence for an abuse of discretion. *See id.* "An abuse of discretion … requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Id.*

---

[7] We observe that Martin's argument includes a statement of the law regarding a trial court's discretion in imposing a sentence, and the statutory factors a trial court must consider in sentencing a defendant. *See* Brief for Appellant at 8-9. To the extent that Martin's argument could be construed as an allegation that the trial court failed to appropriately consider these sentencing factors, Martin has waived a specific challenge to the discretionary aspects of her sentence, because such claim was not adequately preserved or developed. *See* Pa.R.A.P. 2119(a) (providing that an appellant's argument shall include "such discussion and citation of authorities as are deemed pertinent."), (f) (stating that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.").

Initially, as motions for reconsideration do not properly lie from summary appeals, Pa.R.Crim.P. 720(D), the trial court was not required to consider any additional arguments related to sentencing. Our review of the transcripts of the summary appeal hearing reveals that Martin did not specifically request a new sentencing hearing, nor did she request to present additional witnesses. Rather, Martin's counsel pointed to the court's inherent authority to amend its sentence[8] and explained that Martin wished to exercise her right to allocution and explain her actions. N.T. (Post-Sentence Motion), 6/6/19, at 9. Martin's counsel then stated as follows:

> As an offer of proof, the shortest version is that [Martin's] son …, who is Autistic, was at a vocation program when he began experiencing an emotional meltdown while there; that [Martin's son] called his Uncle David[,] who was his ride and when David did not answer, he called [Martin,] and [Martin], you know, her child is in extreme emotional distress, knowing that she is not allowed to drive, got into the car to go get [her son] and take him home.
>
> You know, [Martin] didn't try calling David herself, which is a reason why we're here saying … [w]e just want to present this at sentencing. And, you know, it was basically the next shuttle that would have been able to take [Martin's son] home from the facility was hours away. So it was just a matter of, you know, a mother going to her suffering child.
>
> **Again, I'm not trying to do the sentencing right now**[,] but an offer of proof. …

*Id.* at 9-10 (emphasis added).

_____

[8] Relevantly, "a court upon notice to the parties may modify or rescind any order within 30 days after its entry … if no appeal from such order has been taken or allowed." 42 Pa.C.S.A. § 5505.

- 6 -

Further, as a repeat offender, Martin was subject to a mandatory minimum sentence of 30 days in jail. **See** 75 Pa.C.S.A. § 6503(a.1) (providing that "[a] person convicted of a sixth or subsequent offender under section 1543(a) shall be sentenced to pay a fine of not less than $1,000 and to imprisonment for not less than 30 days but not more than six months."); **see also** N.T., 6/6/19, at 9 (wherein Martin's counsel stated that Martin understood that there is a 30-day mandatory minimum, "but also understands that [the court] does have discretion to order that the time be served through electronic monitoring.").

Moreover, to the extent the trial court could exercise discretion in this matter, our review confirms that the court considered several mitigating factors in imposing Martin's sentence. Prior to imposing sentence during the summary appeal hearing, the trial court acknowledged its awareness, based on personal knowledge that Martin's son had medical needs. **See** N.T. (Summary Appeal), 5/22/19, at 5 (wherein the trial court stated, "I'll just take judicial notice that I know there are some issues…."). The trial court also noted the fact that seven years had elapsed since Martin's last violation of section 1543(a). **See id.** at 8, 9. The court ultimately decided that electronic monitoring would be insufficient in light of the high number of offenses in Martin's history. **See id.** at 9-10. Additionally, the court reiterated its consideration of such potentially mitigating circumstances during the hearing on Martin's post-sentence Motion. **See** N.T. (Post-Sentence Motion), 6/6/19, at 14-15. Thus, we cannot grant Martin relief on this claim.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/30/2020