J-S66005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STANLEY DAVID KAMINSKI JR. | |
| Appellant | No. 768 EDA 2019 |

Appeal from the PCRA Order Entered February 8, 2019
In the Court of Common Pleas of Bucks County
Criminal Division at No: 0007134-2015

BEFORE: STABILE, NICHOLS, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 20, 2020**

Appellant, Stanley David Kaminsky, Jr., appeals from the February 8, 2019 order denying his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. 9541-46. We affirm.

On March 21, 2016, Appellant pled guilty to homicide by vehicle while driving under the influence. The incident occurred on July 1, 2015 when Appellant, while intoxicated, drove his 2005 Saturn off the road and into a wooded area. Victim Todd Rubin, seated in the front passenger seat, was pronounced dead at the scene. Appellant and the two backseat passengers, Jacob Winter and Summer DeCastro, survived and were removed from the vehicle by mechanical extrication. Winter suffered a broken neck, broken arm, a fractured hip, and a severe concussion. Winter told police that he asked Appellant to slow down when the car approached 90 miles per hour, but

Appellant sped up to 110 miles per hour. Winter also told police that Appellant asked him to tell them he lied about the vehicle's rate of speed, in order to help Appellant with his defense. Police investigation revealed that the car was moving 89 to 99 miles per hour when it crashed into a ditch, after it was already off the road and losing momentum. DeCastro suffered fractured vertebrae, fractured, ribs, a fractured pelvis, and a severe concussion. Appellant's blood alcohol content was .128. He also tested positive for marijuana and synthetic marijuana.

Sentencing took place immediately after the guilty plea. The trial court imposed an aggregate sentence of 7 to 14 years of incarceration. Appellant filed a motion for reconsideration, which the trial court denied after a June 7, 2016 hearing. This Court affirmed the judgment of sentence on February 28, 2017, concluding that Appellant waived his challenge to the trial court's sentencing discretion. Our Supreme Court denied allowance of appeal on August 14, 2017.

Appellant filed a timely first PCRA petition on April 12, 2018. Private counsel filed an amended petition on October 24, 2018. The PCRA court conducted hearings on November 27, 2018 and February 5, 2019. The PCRA court denied relief on February 8, 2019, and this timely appeal followed. Appellant presents two questions:

> 1. Where counsel knew that Appellant was going to be sentenced on the same day he was going to plead guilty in a serious DUI matter where one person was killed and three were injured, yet failed to draft a sentencing memorandum and failed

to have [Appellant] evaluated by a psychotherapist, and present that person's report and/or testimony, despite the fact that Appellant had serious mental health and drug and alcohol issues, especially where trial counsel acknowledged that he had used a mental health expert in a similarly serious DUI case, was counsel's performance constitutionally deficient and outside the norm that reasonable counsel would have done?

2.     Was counsel ineffective for failing to address the science underlying the cases in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), *Roper v. Simmons*, 543 U.S. 551 (2005), *Graham v. Florida*, 560 U.S. 48 (2010), reflecting that the executive functioning of the brain does not develop until age 25, especially since counsel acknowledged that he had used this argument in other cases and knew that the factor of youth, including the impetuousness, recklessness, and failure to appreciate the consequences of their actions, was a significant mitigating factor for [Appellant], who was 22 years old at the time of the accident?

Appellant's Brief at 2-3.

We review the PCRA court's order for record support and error of law. *Commonwealth v. Williams*, 828 A.2d 981, 987 (Pa. 2003). To prevail on a claim of ineffective assistance of counsel, a petitioner must plead and prove: (1) that the underlying issue is of arguable merit; (2) that counsel had no reasonable strategic basis for the action or inaction; and (3) that counsel's error prejudiced the petitioner, such that the outcome of the underlying proceeding would have been different but for counsel's error. *Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014). We presume that counsel was effective, and the petitioner bears the burden of proving otherwise. *Id.* A petitioner's failure to prove any of the three prongs will be fatal to the petition. *Id.* Here, Appellant claims he would have received a more lenient sentence had counsel presented expert testimony to the

sentencing court. In particular, Appellant claims sentencing counsel should have presented evidence of Appellant's mental health history and substance abuse.

At sentencing, Appellant acknowledged the facts recited above, including that he asked Winter to lie for him. N.T. Sentencing, 3/21/16, at 26. Appellant had prior convictions for burglary, theft, DUI, and disorderly conduct. *Id.* The trial court also listened to statements from the deceased victim's family. *Id.* at 29-34. Defense counsel spoke about Appellant's difficult upbringing, including the early death of Appellant's father and Appellant's subsequent suicide attempt and hospitalization. *Id.* at 36-37. Appellant's mother also testified about Appellant's depression after his father's death, including a drug overdose that led to Appellant's hospitalization. *Id.* at 40. Appellant took the stand and expressed his remorse. *Id.* at 42-45.

Prior to imposing sentence, the trial court spoke as follows:

> Okay. In imposing sentence, I certainly consider [Appellant's] age. I consider the nature of his prior record, which is not just driving under the influence related. I consider the fact that he's already served a county sentence. I consider what I know of his history. I understand that he suffered a difficult loss in his life.
>
> I consider the fact that he's had drug and alcohol issues. However, he's had opportunities in the system to address those issues. These are the very saddest cases that I think we do in the justice system. Young people—the young people who survived this, lives are changed forever. This is more than just getting in the car and having had too much to drink. This is someone who already had a driving under the influence charge.

[Appellant] not only had alcohol in his system but he had illegal drugs in his system and a combination of those in his system. And most egregiously, despite being asked to slow down, he did not. In so doing he put multiple lives in danger and took the life of one human being.

*Id.* at 47-48.

At the PCRA hearing, defense counsel acknowledged that he did not obtain records related to Appellant's mental health and substance abuse-related hospitalizations. N.T. Hearing, 11/27/18, at 18. Counsel stated that, in his interaction with Appellant, Appellant did not appear to be delusional or incompetent. *Id.* at 19. Appellant appeared not to be as severely mentally ill as other clients counsel represented in the past. *Id.* at 73-74. Thus, counsel did not seek a mental health evaluation. *Id.* He also did not seek medical records from the institutions that treated Appellant. *Id.* at 41.

On cross-examination, counsel noted that the Commonwealth dropped one count each of third-degree murder and aggravated assault in exchange for Appellant's plea. *Id.* at 51. Counsel advised Appellant on the possibility of consecutive sentences because of the number of victims. *Id.* at 55-57. The trial court imposed standard range, mostly concurrent sentences in arriving at the 7 to 14 year aggregate. *Id.* at 53-54. Counsel explained that he did not ask the trial court to order a pre-sentence investigation because Appellant was on parole for a burglary conviction at the time of the present offense, and counsel did not believe the pre-sentence investigation would have been favorable. *Id.* at 75.

At the second PCRA hearing, Appellant presented the testimony of John Markey, a licensed psychologist.  Markey testified that Appellant has major depressive disorder and ADHD.  N.T. Hearing, 2/5/19, at 20-21.  Appellant has a history of excessive consumption of alcohol and other medication, although he had been sober for several months prior to the incident in question.  *Id.* at 18-19, 42.  Markey believed that some of Appellant's problems could be residual from a head injury Appellant sustained when he was ten years old.  *Id.* at 25.  Given Appellant's history of difficult family circumstances, alcohol abuse, and depression, Markey believed Appellant needs more treatment than he received in the past.  *Id.* at 33.

In his brief, Appellant argues that counsel's performance was deficient because counsel failed to present to the sentencing court a sufficient amount of detail about Appellant's troubled past.  Doing so, Appellant argues, would have resulted in a lesser sentence.  We observe that trial courts enjoy wide discretion in crafting a sentence, and that sentence will be disturbed on appeal only where the judge abuses that discretion. ***Commonwealth v. Hoch***, 936 A.2d 515, 517-18 (Pa. Super. 2007).  To demonstrate an abuse of discretion, "the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id.*

In essence, Appellant's argument is that he would have received a lesser sentence but for counsel's failure to present additional mitigating evidence at sentencing.[1]  As the PCRA court noted, however, the sentencing court was aware of Appellant's mental health issues and his difficult upbringing.  The sentencing court had to weigh that against the circumstances of the offense, including Appellant's decision to speed up after Winter asked him to slow down and Appellant's attempt to get Winter to lie for him.  Finally, we note that the sentencing court imposed standard range, mostly concurrent sentences. Appellant received an aggregate 7 to 14 years of incarceration for an incident in which one of his passengers was killed and two others were severely injured.  Appellant has failed to establish that greater elaboration on his mental health, substance abuse, and difficult life circumstances would have led to a lesser sentence (or led this Court to conclude on direct appeal that the trial court abused its sentencing discretion).  Appellant's first argument fails because he cannot establish that counsel's alleged ineffectiveness prejudiced him.

---

[1]  A PCRA petitioner can obtain relief by pleading and proving "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."  42 Pa.C.S.A. § 9543(a)(2)(ii).  In other contexts, we have recognized that ineffectiveness resulting in a longer sentence is cognizable under the PCRA.  ***See Commonwealth v. Reyes-Rodgiguez***, 111 A.3d 775 (Pa. Super. 2015), ***appeal denied***, 123 A.3d 331 (Pa. 2015).

In his second assertion of error, Appellant claims counsel was ineffective for failing to address the science underlying the United Supreme Court's decision in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012), ***Graham v. Florida***, 560 U.S. 48 (2010), and ***Roper v. Simmons***, 543 U.S. 551 (2005). In brief, ***Miller*** held that the Eighth Amendment's[2] prohibition of cruel and unusual punishment prohibits sentences life imprisonment without parole offenders less than 18 years old. ***Graham*** held that the Eighth Amendment prohibits sentence of life without parole to juveniles who do not commit a homicide. ***Roper*** held that the Eight Amendment prohibits execution of juvenile offenders. These cases have no direct application here because Appellant was just shy of his 23rd birthday at the time of the offense and the trial court did not impose capital punishment or life imprisonment without parole.

Appellant argues, however, that the science underlying these decisions dictates leniency in his case because he his brain was not fully developed at the time of the offense. This argument fails for the same reasons as the first. Even if counsel had relied on ***Miller***, ***Graham***, or ***Roper***, nothing in those cases would have supported a conclusion that an aggregate sentence of 7 to 14 years was outside of the trial court's sentencing discretion. Appellant will be eligible for parole at age 30, and his maximum sentence will expire at age

---

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

He was not a juvenile offender, and the trial court's sentence has not deprived him of a second chance, as was the case in ***Miller***, ***Graham***, and ***Roper***. Appellant has failed to establish that his sentence would have been shorter but for counsel's ineffectiveness. He therefore cannot establish prejudice.

For all of the foregoing reasons, we affirm the PCRA court's order.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *5/20/2020*