664 A.2d 994

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Ezra CHILDS, Appellee.**

Superior Court of Pennsylvania.

Submitted June 29, 1995.

Filed Aug. 10, 1995.

Reargument Denied Oct. 11, 1995.

1. Motion to quash cross-appeal and answer thereto is denied as moot.

34

Joan Weiner, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Sheryl S. Chernoff, Philadelphia, for appellee.

Before ROWLEY, President Judge, and HUDOCK and CERCONE, JJ.

HUDOCK, Judge:

The Commonwealth appeals from the judgment of sentence imposed after Appellee was convicted in a non-jury trial of aggravated assault as a second degree felony and possessing an instrument of crime.[1] Appellee was sentenced to ten years probation for the aggravated assault charge and three years concurrent probation for possessing an instrument of crime. The Commonwealth filed a motion for reconsideration of the sentence which was denied without a hearing on January 6, 1994. The Commonwealth then filed this direct appeal. We vacate the judgment of sentence and remand for resentencing.

1. 18 Pa.C.S.A. §§ 2702 and 907, respectively.

The facts which led to Appellee's arrest and conviction stemmed from a landlord/tenant dispute between Appellee and Bridgette Dorsey and Kevin Smith. Appellee rented a house to Dorsey and Smith in February of 1993. Despite repeated requests to make repairs on the property, Appellee failed to repair the house forcing Dorsey and Smith to move out. On March 4, 1993, Dorsey and Smith began moving their belongings from the Appellee's premises to their new house. Along with their own personal items, Dorsey and Smith took two bedroom dressers which Appellee allegedly told them they could have. At approximately 9:00 p.m., Appellee arrived at the rented premises with his girlfriend, Carmella, and demanded that Smith return the two dressers. Smith agreed to return the dressers and began walking in the direction of his vehicle. As Smith entered the driver's side of the vehicle, Appellee obtained a gun from his girlfriend. Appellee then walked over to Smith's car and stopped two feet away from the driver's side window. Appellee aimed the gun at Smith's head and fired one shot. Smith, who was trying to get the car in gear and drive away, ducked when Appellee fired the gun, thus escaping injury. The bullet shattered the driver's side window and put a hole in the passenger side door. Smith then sped away while keeping his head down. Smith ran into a police officer one block from the incident and reported what had occurred. Appellee was subsequently arrested and charged with various criminal offenses.

Appellee was found guilty of "attempt[ing] to cause or intentionally or knowingly caus[ing] bodily injury to another with a deadly weapon" pursuant to section 2702(a)(4) of the aggravated assault statute on July 27, 1993. Appellee was also adjudicated guilty of possessing an instrument of crime (PIC). Prior to sentencing, the trial court ordered that a presentence report be prepared and that Appellee undergo a mental health evaluation. On December 29, 1993, Appellee was subsequently sentenced to ten years probation for the aggravated assault and three years concurrent probation for PIC.

The Commonwealth contends that the sentencing court abused its discretion by sentencing Appellee to an excessively lenient sentence of ten years probation. The Commonwealth points out that the sentence imposed is substantially below the recommended mitigated range under the Sentencing Guidelines.

The Commonwealth challenges the discretionary aspects of sentencing for which there is no automatic right to appeal. This Court is guided by section 9781(b) of the Judicial Code which provides:

The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under [the Sentencing Code.]

42 Pa.C.S.A. § 9781(b).

The Commonwealth has complied with the procedural requirements enunciated by our Supreme Court in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 511–12, 522 A.2d 17, 19 (1987). Therefore, we must determine whether the Commonwealth has raised the appearance of a substantial question as to whether the sentence imposed is appropriate under the Sentencing Guidelines. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Felix*, 372 Pa.Super. 145, 150–52, 539 A.2d 371, 374 (1988), *alloc. den.*, 525 Pa. 642, 581 A.2d 568 (1990). In numerous decisions of this Court we have found that the Commonwealth presented a substantial question when it contended that the sentence imposed was excessively lenient and unreasonably deviated from the applicable guideline range. *See Commonwealth v. Moore*, 420 Pa.Super. 484, 490–92, 617 A.2d 8, 12 (1992); *Commonwealth v. Masip*, 389 Pa.Super. 365, 366–67, 567 A.2d 331, 332 (1989); *Felix*, 539 A.2d at 374; *Commonwealth v. Rizzo*, 362 Pa.Super. 129, 523 A.2d 809, 812 (1987). Accordingly, we grant the Commonwealth allowance

of appeal and will review the discretionary aspects of Appellee's sentence.

The trial court is vested with sound discretion when sentencing a criminal defendant. Absent an abuse of that discretion, this Court will not vacate the sentence imposed. *Commonwealth v. Jones*, 433 Pa.Super. 266, 269–71, 640 A.2d 914, 916 (1994). The trial court, however, must exercise its discretion in accordance with the applicable provisions of the Sentencing Code, 42 Pa.C.S.A. section 9701 *et seq. Commonwealth v. Murphy*, 405 Pa.Super. 452, 457–59, 592 A.2d 750, 753 (1991). We grant much deference to the sentencing court since "it is in the best position to view the defendant's character, displays of remorse, defiance or indifference and the overall effect and nature of the crime." *Jones*, 640 A.2d at 916 (citing *Commonwealth v. Jones*, 418 Pa.Super. 93, 101, 613 A.2d 587, 591 (1992) (*en banc*), *alloc. den.*, 535 Pa. 615, 629 A.2d 1377 (1993)). When imposing a sentence, the trial court may select from the alternatives of probation, determination of guilty without a penalty, partial or total confinement, fines or intermediate punishment. 42 Pa.C.S.A. § 9721(a). "The sentencer has broad discretion to choose a penalty from sentencing alternatives and the range of permissible confinements, provided the choices are consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Commonwealth v. Devers*, 519 Pa. 88, 92, 546 A.2d 12, 13 (1988). Although the sentencing court is required to consider and consult the Sentencing Guidelines when imposing a sentence, it retains the discretion to sentence below the mitigated range as long as it clearly explains the reasons for doing so. *Jones*, 640 A.2d at 917 n. 3. If the sentence imposed is outside of the recommended guidelines, the trial court must provide a contemporaneous written statement of the reason or reasons for the deviation or it must state on the record in the presence of the defendant the reasons for the sentence. *Commonwealth v. Munson*, 419 Pa.Super. 238, 241–43, 615 A.2d 343, 345 (1992). "When a sentencing court deviates from the sentencing guidelines, it is important that the court reflect a consideration of the sentenc-

ing guidelines, the background and character of the defendant, the circumstances of the crime, and impose a sentence that is consistent with the protection of the public and the rehabilitative needs of the defendant." *Commonwealth v. Cruz Ortega*, 372 Pa.Super. 389, 394, 539 A.2d 849, 852 (1988).

■ Under the Sentencing Guidelines, a conviction for section 2702(a)(4) of the aggravated assault statute based on the defendant's attempt to cause bodily injury with a deadly weapon carries an offense gravity score of six. *See* 204 Pa.Code § 303.8, reprinted at 42 Pa.C.S.A. § 9721. Based on Appellee's criminal history, the trial court correctly calculated a prior record score of six. Thus, applying these scores, the guidelines suggest the following ranges for Appellee's conviction of aggravated assault:

| | |
|---|---|
| Mitigated range: | 25–33 months |
| Standard range: | 33–49 months |
| Aggravated range: | 49–61 months |

204 Pa.Code § 303.9.[2]

Likewise, the guidelines specify that the offense of possession of an instrument of crime is assigned an offense gravity score of three. Appellee's prior record score of six is only applied when calculating the sentence for the offense with the highest offense gravity score which in this case is aggravated assault. *See* Pa.Code § 303.6(a). Therefore, the prior record score for purposes of computing the sentence for the PIC conviction is zero. Using these figures, the guidelines suggest the following ranges for PIC:

| | |
|---|---|
| Mitigated range: | non-confinement |
| Standard range: | 0–6 months |
| Aggravated range: | 6–12 months |

204 Pa.Code § 303.9.

Rather than impose a term of imprisonment as the guidelines suggest, the sentencing court choose a ten year period of probation for aggravated assault and a three year period of probation for PIC. The sentencing court justified its sentence

2. Because the use of a deadly weapon was an element of the offense, the deadly weapon enhancement provision found in 42 Pa.C.S.A. section 9712 did not apply.

of probation on two grounds, the fact that Appellee had not engaged in criminal behavior for a substantial period of time and the fact that Appellee's family was dependent on him for support. Specifically, the sentencing judge stated on the record:

The only thing that I can say on the record that you have going for you is the fact that you have been crime free for about twenty years.

N.T., 12/29/93, at p. 10. The sentencing court continued:

You are responsible for your family's welfare and apparently somebody needs to do that. And if I were to send you to jail today, who's going to take care of them?

N.T., 12/29/93, at pp. 11–12.

The Commonwealth contends that the sentencing court's rationale for imposing probation was insufficient considering the totality of the circumstances, including the nature and conduct of Appellee's offense, his prior criminal history, and his inability to reform himself after previous terms of imprisonment and probation. The Commonwealth argues that the sentencing court relied on an erroneous fact that Appellee was supporting his family. The Commonwealth points out that Appellee has been unemployed since May of 1991 when he quit his job doing maintenance work. According to the Commonwealth Appellee was not providing substantial support for his mother and child since his only income was welfare benefits totalling $187.00 biweekly and $203.00 in food stamps every month. The Commonwealth also argues that the sentencing court ignored the safety needs of the public and depreciated the gravity of Appellee's conduct.

Although we recognize the stringent standard of review in an appeal challenging the discretionary aspects of sentencing, we agree with the Commonwealth that Appellee's sentence was "unreasonable." After reviewing the record in this case and weighing the relevant sentencing considerations found in the Sentencing Code, we conclude that the sentencing court abused its discretion by unreasonably deviating from the

40

sentencing guidelines and imposing an unreasonably lenient sentence.

■ Section 9781(c) of the Sentencing Code delineates when this Court may vacate the sentence imposed by the trial court. It provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

\* \* \* \* \* \*

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S.A. § 9781(c). To determine whether the sentence imposed was "unreasonable" we must consider the following factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the [sentencing] commission.

*See* 42 Pa.C.S.A. § 9781(d); *Commonwealth v. Moore*, 617 A.2d at 12.

Furthermore, section 9722 of the Sentencing Guidelines specifies what factors the sentencing court should consider when deciding to impose probation rather than confinement. It provides:

§ 9722. **Order of probation**

The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of an order of probation:

(1) The criminal conduct of the defendant neither caused nor threatened serious harm.

(2) The defendant did not contemplate that his conduct would cause or threaten serious harm.

(3) The defendant acted under a strong provocation.

(4) There were substantial grounds tending to excuse or justify the criminal conduct of the defendant, though failing to establish a defense.

(5) The victim of the criminal conduct of the defendant induced or facilitated its commission.

(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.

(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime.

(8) The criminal conduct of the defendant was the result of circumstances unlikely to recur.

(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.

(10) The defendant is particularly likely to respond affirmatively to probationary treatment.

(11) The confinement of the defendant would entail excessive hardship to him or to his dependents.

(12) Such other grounds as indicate the desirability of probation.

42 Pa.C.S.A. § 9722.

 ■  Applying the factors of section 9781(d) and section 9722 of the Sentencing Code to the facts of the present case, we conclude that a ten year probationary sentence is "unreasonable." Appellee's criminal conduct threatened serious harm to Smith. If Smith had not ducked when Appellee fired the gun, he could have been killed and Appellee could be facing homicide charges. Appellee had to realize that if he fired a loaded weapon at the victim's head, it would most likely result in serious injury if not death. Appellee reacted violently to a verbal argument over bedroom furniture—he was not strongly provoked into shooting at the victim since Smith agreed to return the dressers he took from the house. There were no grounds which excused or justified Appellee's behavior and the victim in no way induced Appellee to shoot him.

Appellee was previously convicted of a violent crime in 1973 when he was found guilty of voluntary manslaughter. Appellee was fortunate to receive a sentence of ten years probation for the voluntary manslaughter charge. While serving this probation Appellee continued his criminal conduct. In 1975 Appellee was convicted of robbing a federal bank for which he served approximately six years in federal prison. Given the fact that Appellee resorted to violence after getting into a dispute over furniture, this Court cannot conclude that the circumstances which led to this offense are not likely to occur again. Finally, the investigator who prepared Appellee's presentence investigation concluded that Appellee was "a risk for community supervision." *See* Presentence investigation at p. 7.

Only two factors enumerated in section 9722 weigh in Appellee's favor. First, Appellee had not committed any criminal offenses since he was released from prison in October of 1981. Second, confining Appellee may cause some hardship on his dependents as they will be deprived of his welfare benefits and food stamps. Despite these two factors, we conclude that the sentence imposed was inconsistent with the duty to protect the public from violent offenders, the gravity of the offense, and Appellee's rehabilitative needs. *Devers,* 546 A.2d at 13.

Judgment of sentence vacated. Matter remanded for resentencing in accordance with this memorandum. Jurisdiction relinquished.