**COMMONWEALTH of Pennsylvania,
Appellant**

v.

**Earl G. HOCH, Appellee.**

Superior Court of Pennsylvania.

Argued July 24, 2007.
Filed Oct. 23, 2007.

---

Michael L. Rozman, Asst. Dist. Atty., Harrisburg, for Com., appellant.

Joshua D. Lock, Harrisburg, for appellee.

BEFORE: MUSMANNO, BOWES and COLVILLE *, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 The Commonwealth of Pennsylvania appeals from the judgment of sentence entered upon the conviction of Appellee Earl G. Hoch ("Hoch"). Hoch had been convicted of aggravated assault on a police officer, criminal attempt (burglary), resisting arrest and possession of instruments of crime.[1] We affirm.

¶ 2 In the late evening hours of August 6, 2005, Swatara Township Police Officer Thomas Stauffer ("Stauffer") observed Hoch at the fence that surrounds Stauffer's property. Stauffer observed Hoch attempting to open a lock on the gate of the fence, while Hoch was wearing only a polo shirt. Stauffer approached Hoch and identified himself as a police officer. Hoch stated that someone was chasing him. Stauffer observed that Hoch was holding another padlock and a set of keys, which appeared to be from the nearby property of Stauffer's father-in-law. Stauffer asked Hoch whether Hoch had taken the lock off of the father-in-law's fence, at which time Hoch began to run.

¶ 3 As Stauffer chased Hoch, Stauffer told Hoch that he was under arrest and asked Hoch to stop. Eventually, Stauffer tackled Hoch. During the ensuing struggle, Stauffer recognized Hoch as the son of the former owner of Stauffer's home. Hoch threatened to stab Stauffer, and then stabbed Stauffer with a small knife several times in the hand and leg. Thereafter, additional officers arrived and Hoch was placed under arrest.

¶ 4 Subsequently, Hoch pled guilty to the above-described charges. After a sentencing hearing, the trial court sentenced Hoch to an aggregate prison term of nine months to twenty-three months in the Dauphin County Prison, to be followed by ten years less one month of probation. The Commonwealth filed a post-sentence Motion, which the trial court denied. Thereafter, the Commonwealth filed the instant timely appeal.

¶ 5 The Commonwealth presents the following questions for our review:

A. Did the sentencing court abuse its discretion by sentencing below the mitigated range of the Sentencing Guidelines on the first two counts of the Criminal Information to which [Hoch] entered pleas of guilty and did not state legally sufficient reasons for doing so?

B. Was the aggregate sentence imposed for all four counts on the Criminal Information unreasonable given the nature of the offense and the background and character of [Hoch]?

Brief for the Commonwealth at 6. Thus, the Commonwealth challenges the discretionary aspects of Hoch's sentence.

¶ 6 Our standard of review in sentencing matters is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an

---

* Retired Senior Judge assigned to the Superior Court.

1. 18 Pa.C.S.A. §§ 2702(a)(2), 901, 5104, 907.

error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa.Super.2006) (citation omitted).

¶ 7 A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa.Super.2004). First, the petitioner must set forth in its brief a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f). Second, the petitioner must demonstrate that a substantial question exists as to whether the sentence imposed is inappropriate under the Sentencing Code. 42 Pa. C.S.A. § 9781(b); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17, 20 (1987). This Court has found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa.Super.2005), *aff'd*, 590 Pa. 480, 913 A.2d 207 (2006) (citations and internal quotation marks omitted).

¶ 8 The Commonwealth has included a Rule 2119(f) Statement in its brief. In its Statement, the Commonwealth asserts that the trial court abused its discretion when it sentenced Hoch below the recommended ranges set forth in the sentencing guidelines. Brief for Appellant at 12. The Commonwealth further contends that the trial court failed to state its reasons for imposing a sentence below the mitigated range of the sentencing guidelines, and that the trial court's reasons for deviating from the sentencing guidelines are inadequate. *Id.* We conclude that the Commonwealth's Rule 2119(f) Statement presents a substantial question for review. *See Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa.Super.1999) (*en banc*) (stating that a claim that the sentencing court did not provide sufficient reasons for imposing a sentence outside of the sentencing guidelines presents a substantial question); *Commonwealth v. Childs*, 445 Pa.Super. 32, 664 A.2d 994, 996 (1995) (stating that the Commonwealth's claim that the sentence imposed was excessively lenient and unreasonably deviated from applicable guideline range presented a substantial question). Accordingly, we will address the Commonwealth's challenge to the discretionary aspects of Hoch's sentence.

¶ 9 The Commonwealth first claims that the trial court abused its discretion by imposing sentences for the charged crimes that were excessively lenient. According to the Commonwealth, the trial court based its deviation from the guidelines on Hoch's mental health status and the fact that the charges did not reflect what had actually occurred. Brief for Appellant at 19. The Commonwealth contends that the record is devoid of any factual basis concerning Hoch's mental health status. *Id.* at 19. The Commonwealth further contends that the trial court relied on impermissible factors in sentencing Hoch. *Id.* at 20–21.

¶ 10 The proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. *Commonwealth v. Walls,* 926 A.2d 957, 961 (Pa.2007). The trial court is afforded broad discretion in sentencing criminal defendants "because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617, 620 (Pa.2002) (quoting *Commonwealth v. Ward,* 524 Pa. 48, 568 A.2d 1242, 1243 (1990)). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Walls,* 926 A.2d at 961 (quoting *Grady v. Frito–Lay, Inc.,* 576 Pa. 546, 839 A.2d 1038, 1046 (2003)).

¶ 11 By statute, this Court is required to vacate a sentence and remand for resentencing if the sentencing court imposed a sentence that is outside of the sentencing guidelines and the sentence is unreasonable. 42 Pa.C.S.A. § 9781(c)(3).

> ... In reviewing the record the appellate court shall have regard for:
>
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d). Thus, the statutory unreasonableness inquiry is a component of the jurisprudential standard of review for an abuse of discretion. *Walls,* 926 A.2d at 962.

¶ 12 Although the sentencing court is required to consider and consult the Sentencing Guidelines when imposing a sentence, it retains the discretion to sentence below the mitigated range as long as it clearly explains its reasons for doing so. *Childs,* 664 A.2d at 996. In addition, "[w]hen a sentencing court deviates from the sentencing guidelines, it is important that the court reflect a consideration of the sentencing guidelines, the background and character of the defendant, the circumstances of the crime, and impose a sentence that is consistent with the protection of the public and the rehabilitative needs of the defendant." *Id.* (quoting *Commonwealth v. Cruz Ortega,* 372 Pa.Super. 389, 539 A.2d 849, 852 (1988)); *see* 42 Pa.C.S.A. § 9721 (setting for the general standards applicable to sentencing).

¶ 13 Contrary to the Commonwealth's assertions, the record reflects no abuse of discretion by the trial court. At the sentencing hearing, the trial court had the benefit of a pre-sentence investigation report. N.T., 6/27/06, at 3. The pre-sentence investigation report indicated that a mental health report issued on February 15, 2006, stated that no mental health treatment was recommended because Hoch had denied having mental health symptoms. *Id.* at 5. However, on May 2, 2006, Hoch appeared for intake at a mental health case management unit and arranged for outpatient treatment at that unit. *Id.*

¶ 14 The pre-sentence investigation report also indicated that in 2001, Hoch exhibited paranoia at his workplace. *Id.* at 17. As a result, his employer recommended that he take time off to participate in counseling. *Id.* Although Hoch participated in counseling for a brief period of time, and received medication, he discon-

tinued the medication because of his belief that as a prior substance abuser, he should not take medication. *Id.* Hoch was unable to return to work after the 2001 incident. *Id.* Hoch's former employer was unwilling for Hoch to resume employment. *Id.* In addition, Hoch's former place of employment had shut down. *Id.* Defense counsel also explained that Hoch's family works for the mental health provider for the county prison, and that there were assurances that Hoch's mental health needs would be dealt with on a regular basis. *Id.* at 18.

¶ 15 Defense counsel, referring to the pre-sentence investigation report, pointed out that Hoch had an intermittent substance abuse problem beginning at a relatively early age. *Id.* at 16. Hoch overcame the problem after attending two rehabilitation programs. *Id.* Between 2001 and 2005, however, Hoch resumed his drug use and, on the day of the incident, had intravenously injected crack cocaine. *Id.* at 19. Evidence was presented that Hoch also had abused alcohol and regularly attended Alcoholics Anonymous meetings. *Id.* at 21. The record reflects that since his arrest, Hoch has been compliant with his mental health appointments and all requirements imposed. *Id.* at 33.

¶ 16 At the sentencing hearing, defense counsel explained that Hoch, wearing only a shirt, had been standing outside of his former childhood home when Stauffer approached. *Id.* at 4–5. The police report reflected that Hoch's underwear was hanging from a fence, and defense counsel indicated that the underwear had been torn from Hoch as Hoch had climbed over the fence. *Id.* at 5–6. Defense counsel further explained that Hoch had no place to sleep other than his truck. *Id.* at 5.

¶ 17 Contrary to the assertions of the Commonwealth, the trial court stated the reasons for its sentence, and found that Hoch exhibited mental health issues, *see id.* at 40; the burglary was different from the usual burglary in which a person enters into a home to steal goods out of the house, *see id.* at 41; Hoch did not intend to steal or harm anyone, *see id.;* and in Hoch's mind, the violence he exhibited was in an attempt to flee, *see id.* at 42–43. Although Hoch's conduct established the elements of the crimes charged, it is apparent that the trial court exercised its discretion in fashioning a sentence based upon Hoch's individual circumstances. Because we discern no abuse of discretion in this regard, the Commonwealth's claim is without merit.

¶ 18 The Commonwealth next claims that the aggregate sentence imposed was unreasonable given the nature of the offense and the background and character of Hoch. According to the Commonwealth, Hoch's aggregate sentence of 9–23 months in prison to be followed by probation constituted an abuse of discretion. Specifically, the Commonwealth asserts that "the [trial] court's reasons for imposing the sentence in question consisted of its belief that Hoch really was not guilty of the crimes to which he admitted and Hoch's mental health history." Brief for the Commonwealth at 22. The Commonwealth again argues that there is no record proof of Hoch's mental health history that would justify such a sentence.

¶ 19 Contrary to the Commonwealth's assertions, the trial court acknowledged that Hoch's actions met the statutory definitions of the crimes charged. *See N.T.,* 6/27/06, at 45–46 (wherein the trial court acknowledged Hoch's actions met the statutory definition of aggravated assault, but stated that the guidelines did not address the factual circumstances of Hoch's case). For example, at the sentencing hearing, the trial court acknowledged and assessed

the level of violence involved in Hoch's struggle with Stauffer. N.T., 6/27/06, at 42. However, the trial court also assessed the reasons for the violence and Hoch's individual circumstances. *Id.* at 42–43. In addition, as set forth above, the record supports the trial court's statements regarding the status of Hoch's mental health.

¶ 20 Thus, our review of the record supports the trial court's findings and we discern no abuse of discretion in the trial court's exercise of discretion in sentencing Hoch. Accordingly, we affirm Hoch's judgment of sentence.

¶ 21 Judgment of sentence affirmed.