J-S29024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SARAH ANN TRUMPHOUR | |
| | No. 1441 WDA 2015 |

Appeal from the Judgment of Sentence August 21, 2015
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000040-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 07, 2016**

The Commonwealth of Pennsylvania appeals from the judgment of sentence entered after Appellee, Sarah Ann Trumphour, pled guilty[1] to solicitation of involuntary deviate sexual intercourse (IDSI).[2] We affirm.

The relevant factual and procedural history is as follows. Trumphour engaged in a sexual affair with a fifteen-year-old boy, whom she was an aide to at George Junior Republic, a treatment facility for at-risk boys. On at least one occasion, Trumphour sent the victim a text message soliciting oral sex.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Trumphour entered an open guilty plea. An "open" plea agreement does not include a negotiated sentence. **See Commonwealth v. Vega**, 850 A.2d 1277, 1280 (Pa. Super. 2004).

[2] 18 Pa.C.S.A. § 902(a); 18 Pa.C.S.A. § 3123(a)(7).

After Trumphour pled guilty to the above-mentioned charge, the sentencing court imposed an aggregate sentence of 11½ to 23 months' imprisonment, followed by 5 years of state supervised probation. Trumphour was not determined to be a sexually violent predator. The sentencing court denied the Commonwealth's post-sentence motion for reconsideration. This timely appeal followed.

On appeal, the Commonwealth raises three issues challenging the discretionary aspects of Trumphour's sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted).

> Before this Court may reach the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [*see* Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code….[I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa. Super. 2013) (citation omitted; brackets in original).

Here, the Commonwealth preserved its claims by including them in its post-sentence motion. Moreover, the Commonwealth's brief contains the

required Rule 2119(f) statement. We must now determine whether the Commonwealth has presented a substantial question for our review.

A "substantial question" as to the inappropriateness of a sentence under the Sentencing Code exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Glass**, 50 A.3d 720, 727 (Pa. Super. 2012) (internal quotations and citations omitted).

In the Commonwealth's first issue, it contends that the sentencing court imposed an excessively lenient sentence when it sentenced Trumphour below the mitigated range of the sentencing guidelines. According to the Commonwealth, the sentencing court "failed to take into account the fundamental norms underlying the sentencing code as articulated in 42 Pa.C.S.A. § 9721(b)" and based its deviation from the guidelines "upon unreasonable factors." Appellant's Brief, at 10, 11. Specifically, the Commonwealth argues that the sentencing court focused solely on the rehabilitative needs of Trumphour to the exclusion of other factors, such as the gravity of the offense and the impact it had on the victim and community. **See id**., at 11-12. This issue raises a substantial question for our review. **See Commonwealth v. Childs**, 664 A.2d 994, 996 (Pa. Super. 1995) (stating that the Commonwealth's claim that the sentence imposed

was excessively lenient and unreasonably deviated from applicable guideline range presented a substantial question).

In the Commonwealth's second issue, it contends that the sentencing court failed to state adequate reasons for imposing a sentence below the mitigated range of the sentencing guidelines. *See* Appellant's Brief, at 12-13. This claim also raises a substantial question. *See Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*) (stating that a claim that the sentencing court did not provide sufficient reasons for imposing a sentence outside the sentencing guidelines presents a substantial question).

In the Commonwealth's third issue, it asserts that the sentencing court impermissibly relied upon factors already taken into consideration under the Sentencing Code to justify its deviation from the guideline range. *See* Appellant's Brief, at 12-13. Specifically, the Commonwealth argues that the sentencing court "double-counted" Trumphour's lack of a prior criminal record. *See id*., at 32. This claim too raises a substantial question. *See Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa. Super. 2003) (stating that a claim that the sentencing court "relied on impermissible factors, by considering factors already included in the sentencing guidelines" raises a substantial question).

Accordingly, we will now address the merits of the Commonwealth's claims. Our standard of review in sentencing matters is well settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

- 4 -

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted). The rationale behind this deferential standard of appellate review is that "the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (internal quotations and citation omitted). "Even with the advent of sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court … the guidelines merely inform the sentencing decision." *Id*., at 961-962.

This Court's review is confined by the dictate of § 9781(c)(3) of the Sentencing Code, which authorizes the appellate court to vacate the sentence and remand the case to the sentencing court if it finds that the "sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." The term "unreasonable" generally means a decision that is either irrational or not guided by sound judgment. *Walls*, 926 A.2d at 963 (citation omitted). To determine whether a sentence is unreasonable, we must examine the record with regard for the following.

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.
(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

A sentence can be defined as unreasonable either upon review of the four elements contained in § 9781(d), or if the sentencing court failed to take into consideration the factors outline in § 9721(b). **See Walls**, 926 A.2d at 964. Section 9721(b) states in pertinent part as follows.

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

While the sentencing court is required to consider and consult the sentencing guidelines when fashioning its sentence, it retains the discretion to impose a sentence below the mitigated range as long as it clearly explains its reasons for doing so. **See Hoch**, 936 A.2d at 519; 42 Pa.C.S.A. § 9721(b). Here, the sentencing court gave the following explanation for the sentence it imposed.

> THE COURT: The big thing missing here is what, if any, impact this had on the boy, and I'm surprised that we don't have anything from the family of some sort, and we don't even know really what his special needs were.
>
> So I think the issue for the Court -- excuse me -- is the length of the sentence and the location of service of the sentence, because on the one hand we have somebody who is crime free and has otherwise been law abiding and is continuing to work forward in her life to be law abiding, be productive. And we have no indication of any aberrations anywhere else with drug use, alcohol use, mental health disorders. So it is very puzzling why this occurred to begin with, and it is difficult to fashion an appropriate sentence.

I agree to some extent with Mr. Cline that it is one of those cases that the guidelines really do not seem to fit, particularly absent input from the victim or his family. And the other way it doesn't fit is that we have a young defendant who has a lot of mitigation. I suppose, and positive things going for her. I think the wrong thing to do is to put her in a penitentiary setting, because I think what would come out of that penitentiary in [sic] this woman would be extremely undesirable and would be of no benefit to anyone that I can see. It would be just raw punishment, and not that I am not convinced that that punishment wouldn't be overdoing it so to speak.

So I'm going to give you a sentence, but it is going to be in the county facility, which means it will be outside and below the standard range -- or the mitigated range even, but I will put a long tail of probation after it so that if you are a sexual predator and we are just not catching it, it will happen, it will come to light, and you will be back in front of me, and I will revoke that probation and you will do a lengthy jail sentence in prison.

So if you are more what everybody seems to say you are and what seems to be said on the surface, at least from all other information I have, then this was an aberration in your life. Certainly, the lifetime registration will be onerous in and of itself; that can land you in jail for failing to follow that.

N.T., Sentencing Hearing, 9/28/15, at 39-41.

We find that the sentencing court adequately considered the factors outlined in § 9721(b). Moreover, we find that the court placed sufficient reasons on record for deviating from the sentencing guidelines. The court explicitly recognized the seriousness of the offense at issue, yet highlighted the fact that there was no evidence that Trumphour's actions negatively affected the victim. ***See id*.**, at 39. The court also dismissed the Commonwealth's argument that Trumphour was in a position of authority over the victim by noting that while Trumphour was an aide at George Junior Republic, she was not the victim's direct supervisor. ***See id*.**, at 38. We find

that the court acted within its discretion in recognizing the unique factual scenario presented in this case and in fashioning a sentence with Trumphour's rehabilitative needs in mind. Apparently, the court gave considerable weight to the testimony of Susan Hudak, a retired special education teacher and Trumphour's long-time tutor, who testified that Trumphour was a naïve young woman with significant, albeit undiagnosed, learning disabilities. **See id**., at 24, 26. Hudak also testified that Trumphour's actions were surprising and out of character. **See id**., at 28. We do not find the sentencing court's stated reasons for imposing the mitigated sentence to be irrational or guided by unsound judgment. The factors of § 9781(d) warrant affirmance. Thus, the Commonwealth's first and second issues are meritless.

We also find the Commonwealth's third issue to be meritless, as we do not find that the sentencing court impermissibly counted Trumphour's lack of a prior criminal record twice. Contrary to the Commonwealth's assertions, sentencing courts may use prior conviction history and other factors already included in the guidelines, as long as those factors are used to supplement other extraneous sentencing information. **See Commonwealth v. Mills**, 496 A.2d 752, 754 (Pa. Super. 1985). Here, the record makes clear that the sentencing court considered all of the § 9721(b) factors in fashioning the mitigated sentence, rather than focusing solely on Trumphour's lack of a prior criminal record.

Our review of the record supports the sentencing court's findings and we discern no abuse of discretion in the court's exercise of discretion in sentencing Trumphour. Accordingly, we affirm Trumphour's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/7/2016