J-S89028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JONATHAN B. LITTLE | |
| Appellee | No. 3147 EDA 2015 |

Appeal from the Judgment of Sentence September 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001811-2015

BEFORE:  SHOGAN, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED MARCH 28, 2017**

The Commonwealth of Pennsylvania appeals from the September 18, 2015 judgment of sentence imposed by the Philadelphia County Court of Common Pleas on Jonathan B. Little's convictions.  We affirm.

On June 9, 2015, Little entered an open guilty plea to two counts of robbery and one count each of conspiracy, possession of a firearm with an altered manufacturer's number, and possession of a firearm by a minor.[1] Little was 17 years old at the time of the offenses but was charged as an adult.  On August 11, 2015, the trial court sentenced Little to concurrent terms of 5 to 10 years' incarceration, followed by 3 years' reporting

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 903, 6110.2, and 6110.1, respectively.

probation, on each of the robbery, conspiracy, and possession of a firearm with an altered manufacturer's number convictions. The court imposed no further penalty on the remaining firearm conviction. Little filed a post-sentence motion seeking reconsideration of his sentence. On August 20, 2015, the trial court vacated Little's judgment of sentence and scheduled a resentencing hearing for September 18, 2015.

At the resentencing hearing, the trial court heard argument from both the Commonwealth and defense counsel as well as Little's allocution testimony. At the conclusion of the hearing, the trial court sentenced Little to 2½ to 6 years' incarceration followed by 2 years' reporting probation. The Commonwealth timely appealed.[2]

The Commonwealth raises the following issue: "Did the lower court abuse its discretion in imposing unreasonably lenient departure sentences for [Little's] armed robbery of two victims, by focusing exclusively on the rehabilitative needs of [Little] and relying on impermissible and irrelevant

_____

[2] In his brief, Little contends that the Commonwealth waived its sentencing challenge by failing to file a post-sentence motion. We disagree. Pennsylvania Rule of Criminal Procedure 721(A)(2) provides that "[s]entencing issues raised by the Commonwealth at the sentencing proceeding shall be deemed preserved for appeal whether or not the Commonwealth elects to file a motion to modify sentence on those issues." Here, the Commonwealth clearly stated its arguments against a more lenient sentence at the resentencing hearing. *See* N.T., 9/18/15, at 7-10. Therefore, we conclude that the Commonwealth properly preserved its sentencing claim.

factors, thereby disregarding its duty to protect the public?" Cmwlth.'s Br. at 4.[3]

Before we may review the Commonwealth's discretionary aspects of sentencing claim, we must determine whether the claim raises a substantial question for our review. A substantial question exists where the appellant raises "a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa.Super. 2013) (quoting **Commonwealth v. Naranjo**, 53 A.3d 66, 72 (Pa.Super. 2012)). Here, the Commonwealth asserts that the trial court imposed an excessively lenient sentence, failing to consider the gravity of Little's offenses and the protection of the public. This Court has held that such a claim presents a substantial question. **See, e.g., Commonwealth v. Wilson**, 946 A.2d 767, 770 n.6 (Pa.Super. 2008), *aff'd*, 971 A.2d 1121 (Pa. 2009); **Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa.Super. 2001). Therefore, we will review the Commonwealth's sentencing claim.

The Commonwealth asserts that the trial court abused its discretion in imposing a sentence far below the mitigated range of the Sentencing

_____

[3] The Commonwealth's brief contains a statement of reasons for allowance of appeal as required by Pennsylvania Rule of Appellate Procedure 2119(f). **See** Cmwlth.'s Br. at 15-18.

Guidelines without sufficient reasons.[4]  The Commonwealth claims that the trial court erroneously focused on Little's needs without considering the gravity of the offenses and the protection of the public.

When reviewing a challenge to the trial court's sentence, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa.Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa.Super. 2002)). Moreover, "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S. § 9721(b).

Although the trial court is required to consider the Sentencing Guidelines when imposing a sentence, it has "discretion to sentence below the mitigated range as long as it clearly explains its reasons for doing so." *Commonwealth v. Hoch*, 936 A.2d 515, 519 (Pa.Super. 2007).  "If the

---

[4] Little's prior record score was five, his offense gravity score was ten, and the applicable Sentencing Guidelines range with a deadly weapon enhancement was 78 to 90 months' incarceration, plus or minus 12 months in the aggravated and mitigated ranges.  N.T., 8/11/15, at 4-5.

sentence imposed is outside of the recommended guidelines, the trial court must provide a contemporaneous written statement of the reason or reasons for the deviation" or state on the record, in the defendant's presence, its reasons for the sentence. ***Commonwealth v. Childs***, 664 A.2d 994, 996 (Pa.Super. 1995). If the trial court's reasons show that it meaningfully weighed the Sentencing Guidelines against the facts of the crime and the defendant's character, this Court should not disturb the sentence. ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018-19 (Pa.Super. 2003).

After hearing argument from counsel and Little's allocution testimony, the trial court stated, "I was convinced . . . within a few days of the [initial] sentencing when I couldn't get it out of my mind that I had imposed too severe . . . a sentence. And I'm going to put on the record why and why I'm going to depart further from the guidelines." N.T., 9/18/15, at 16. The trial court then explained its reasons for imposing a more lenient sentence, including Little's age, his mental health issues, his need for treatment, and his expression of remorse, which the court found credible. ***Id.*** at 17-19. The trial court also recognized that although Little's prior record score was high for a juvenile, his prior crimes did not involve weapons or acts of violence; they were drug possession offenses. ***Id.*** at 19-20. The trial court found that Little did not present the same risk of harm to the community as juvenile offenders with prior violent crimes or repeat adult drug offenders. ***Id.*** at 20.

In its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, the trial court further clarified its reasons for deviating from the Sentencing Guidelines as follows:

> Prior to re-imposing sentence, the court thoroughly reviewed [Little's] pre-sentence investigation. The court considered all of the evidence and arguments presented at both the guilty plea and sentencing hearings. The court also considered [Little's] allocution testimony. Finally, the court considered the recommended guidelines sentence for adult offenders. . . .
>
> Clearly, the court's sentence constituted a substantial downward departure from the sentencing guidelines. The reasons for the departure were stated in detail on the record and demonstrated the court's concern that the sentence reflect the life and circumstances of the offender as well as the nature of the offense.
>
> First, [Little] accepted full responsibility for his actions and clearly exhibited remorse, which the court found to be genuine. Mr. Little stated that, even though the complainant had previously stolen money from him, he had come to understand that his actions were completely inappropriate and dangerous. (N.T., 9/18/15, pp. 16-17).
>
> Second, [Little] had a significant history of untreated mental health issues which affected his ability to make sound judgments. [Little's] mental health issues had not been adequately addressed during his juvenile placements in part because [Little] was not ready to address them, but also in part because his placements simply were not long enough.
>
> Finally, the court considered [Little's] age and his criminal history. [Little] was seventeen at the time of this offense and, while chargeable as an adult, was still a juvenile with all that entails in terms of ability to make sound judgments. Indeed, the Commonwealth's single-minded reliance on the sentencing guidelines completely ignores the fact that these guidelines were formulated for adult offenders. Although juveniles may be charged and

tried as adults in certain circumstances, the sentencing court is entitled to consider the fact that they are <u>not</u> adults, along with all other relevant circumstances. . . .

Furthermore, with regard to [Little's] prior record there was no evidence of prior violent conduct. There were no weapons offenses. There were no assault cases. Although [Little's] prior record score was a five, this court did not believe it appropriate to treat him the same as a juvenile offender with a similar prior record score but a history of violent crimes. [Little's] prior record consisted of either drug possession or possession with intent to deliver cases. These are serious matters to be sure. But, in a juvenile offender, it cannot reasonably be said that they demonstrate the same conscious disregard of community safety and well-being as is the case with a repeat adult offender who has chosen drug dealing as his vocation. (N.T., 9/18/15; pp. 15-21).

The court clearly stated the factors that it considered when it re-sentenced [Little]. That sentence, while more lenient [than] the one originally imposed, was fair and reasonable.

Opinion, 2/26/16, at 6-7 (case citations omitted).

The record shows that the trial court carefully considered the facts and circumstances of this case in crafting an individualized sentence. The trial court also stated its reasons for the sentence on the record and explained how it balanced Little's age and rehabilitative needs against the gravity of his offenses and the protection of the public. Under these circumstances, we find no manifest abuse of discretion.[5]

_____

[5] In its reply brief, the Commonwealth relies on *Commonwealth v. Shull*, 148 A.3d 820 (Pa.Super. 2016), to support its claim that the trial court abused its discretion in deviating downward from the Sentencing Guidelines without sufficient reasons. *Shull*, however, is distinguishable. In
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2017

---

*(Footnote Continued)*

**Shull**, we held that the trial court's desire that a juvenile defendant serve his sentence in county jail, rather than state prison, was an impermissible reason for a downward departure from the Guidelines, where the trial court failed to consider the defendant's rehabilitative needs, the severity of the crime, and the safety of the public. **Id.** at 836-37. Specifically, "the [trial] court engaged in no discussion as to why Shull's particular circumstances warranted a severe downward departure sentence." **Id.** at 836. Unlike **Shull**, the trial court in this case considered the pre-sentence report, the nature of Little's offenses, his rehabilitative needs, and the protection of the public, and thoroughly explained its reasons for the downward-departure sentence on the record and its Rule 1925(a) opinion.