J-S15008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SHARIF BROWN | |
| | No. 545 EDA 2016 |

Appeal from the Judgment of Sentence October 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0000850-2010
CP-51-CR-0000851-2010
CP-51-CR-0000852-2010
CP-51-CR-0000853-2010
CP-51-CR-0000854-2010

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 22, 2017**

The Commonwealth appeals from the judgment of sentence imposed by the trial court on Appellee, Sharif Brown, contending that the sentence was too lenient.  We affirm.

This matter arose from a brief crime spree occurring on October 24, 2009, wherein Appellee robbed three individuals at gunpoint over the course of a few minutes.  Appellee's first victim reported the crime to the police shortly after he was accosted.  Responding officers observed Appellee grappling with his third victim.  During the scuffle, three shots were fired; however, no one was injured.  Appellee fled the scene, and while being

chased by police, openly brandished his weapon, causing the officers to discharge their own firearms. After a short pursuit, police apprehended and arrested Appellee. He was charged at five actions of numerous counts of robbery, assault, firearm-related offenses, and other associated crimes.

Following a jury trial, Appellee was found guilty of three counts of robbery, thirteen violations of the Uniform Firearms Act, two counts of possessing an instrument of crime, two counts of simple assault, and a single count of aggravated assault. The court conducted a sentencing hearing where it heard testimony on Appellee's behalf and had the benefit of a presentence investigation report ("PSI"). The court imposed an aggregate sentence of seventeen-and-one-half to thirty-five years imprisonment.

Appellee filed a post-sentence motion challenging the legality of his sentence, which was denied, and timely filed a previous appeal to this Court. *Commonwealth v. Brown*, 120 A.3d 1056 (Pa.Super. 2015) (unpublished memorandum). Appellee maintained, *inter alia*, that the trial court imposed an illegal mandatory sentence pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), by relying on the mandatory minimum sentence provisions contained in 42 Pa.C.S. § 9712. He also argued that the trial court erred by imposing multiple convictions for his firearm-related offenses. He claimed that his conduct constituted a single criminal act, and thus, his possession and use of the weapon represented a single offense.

The Court first determined that Appellant's firearm possession was "continuous and uninterrupted in nature and constituted only a single offense." **Brown**, **supra**, at 11. Hence, we vacated his numerous sentences for violating the firearms act, and remanded to permit the trial court to impose a single sentence for only the three separate violations of that act, and not all thirteen violations. **Id**.

We next reviewed rulings by this Court declaring 42 Pa. C.S. § 9712 unconstitutional under **Alleyne**, and concluded that the trial court had fashioned an illegal mandatory sentence. Thus, we vacated Appellee's judgment of sentence and remanded for resentencing without consideration of those mandatory minimum sentences. **Id**. at 16.

The trial court held a resentencing hearing on October 9, 2015. The court heard argument from both parties and allocution from Appellee. It reviewed Appellee's prior-record score and considered his PSI. Thereafter, the court imposed an aggregate sentence of three to six years incarceration, plus five years probation. The Commonwealth objected to the sentence, and requested that the court reconsider its decision in light of Appellee's previous sentence of seventeen-and-one-half to thirty-five years incarceration. The trial court denied the Commonwealth's oral request.

The Commonwealth thereafter filed a post-sentence motion for reconsideration, which was denied by operation of law on February 16, 2016. The Commonwealth filed the present timely notice of appeal, and

complied with the trial court's order to file a Rule 1925(b) concise statement of matters complained of on appeal. The court authored its Rule 1925(a) opinion, and this matter is now ready for our review.

The Commonwealth presents one question for our consideration: "Was [Appellee's] resentencing from 17½ to 35 years of imprisonment to an aggregate 3 to 6 years of imprisonment plus five years probation for the robberies of three separate victims an abuse of discretion where it is excessively lenient and an unreasonable departure from the sentencing guidelines?" Commonwealth's brief at 5.

The Commonwealth's issue relates to the discretionary aspects of Appellee's sentence. When faced with such a challenge, we apply the following standard of review: "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted). In addition, "the right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered as a petition for permission to appeal." *Id*. In order to invoke this Court's jurisdiction:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issues were properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*.

Herein, the Commonwealth filed a timely notice of appeal, and the claim was preserved both at the resentencing hearing and in a timely post-sentence motion to reconsider. Further, the Commonwealth's brief contains a Pa.R.A.P. 2119(f) statement of reasons for allowance of appeal. Commonwealth's brief at 16-18. The Commonwealth contends that the appeal presents a substantial question as the sentence imposed was excessively lenient, was an unreasonable deviation from the sentencing guidelines, and was not supported by sufficient reasons on the record. We find the Commonwealth presented a substantial question for our review. *See Commonwealth v. Wilson*, 946 A.2d 767, 770 n.6 (Pa.Super. 2008) (stating "the Commonwealth's argument that the trial court imposed an excessively lenient sentence and did not justify its sentence with sufficient reasons raises a substantial question"); *Commonwealth v. Childs*, 664 A.2d 994, 996 (Pa.Super. 1995) (finding the Commonwealth presented a substantial question in arguing the sentence was excessively lenient and unreasonably deviated from the guidelines).

Our review is narrowed by the directives enunciated in 42 Pa.C.S. § 9781, which requires this court to vacate and remand a case for resentencing if it finds, "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S. §

9781(c)(3). As enunciated by our High Court in **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007), this standard is highly deferential, as the "sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." Simply, the trial court is in a better position to ascertain an appropriate sentence since "[it] sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review." **Id**.

The **Walls**-Court held that the determination of whether a sentence is reasonable may be informed by the general sentencing considerations found in 42 Pa.C.S. § 9721(b), including "the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant." **Id**. at 964; 42 Pa.C.S. § 9721(b). Alternatively, a sentence may be reversed if we find the sentencing court failed to properly consider the standards provided by 42 Pa.C.S. § 9781(d):

(1)   The nature and circumstances of the offense and the history and characteristics of the defendant.

(2)   The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3)   The findings upon which the sentence was based.

(4)   The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Finally, we are mindful that, within this framework, the guidelines are not binding, but rather, are only one aspect of the court's sentencing scheme that we consider. **Walls**, **supra** at 964-965. (reaffirming that "the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors – they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence.").

The Commonwealth contends that Appellee's sentence is a drastic departure from the guidelines. It notes, for example, that the guidelines recommended a standard range sentence of six to seven-and-one-half years incarceration for each of Appellee's three counts of robbery, and that the court sentenced him below the mitigated range for two robberies to which the deadly weapon enhancement applied. The Commonwealth adds that no new mitigation factors support such a severe deviation from the guidelines. It focuses on the seriousness of Appellee's offenses, and insists that offenders who commit such crimes should be sentenced to an aggravated range sentence as opposed to a mitigated range sentence.[1] Moreover, the

_____

[1] The Commonwealth also argues that the resentencing court went beyond the scope of this Court's previous remand order since, "[o]n prior appeal, this Court did not find the lengths of any of the original sentences to be excessive[.]" Commonwealth's brief at 25. We chastise the Commonwealth
*(Footnote Continued Next Page)*

- 7 -

Commonwealth asserts that the court provided no rationale for its sentencing scheme. Thus, it concludes that the trial court abused its discretion in sentencing Appellee to an aggregate term of three to six years incarceration, plus five years probation.

Instantly, the resentencing court had the benefit of a presentence report, and stated that it considered that report in rendering Appellee's sentence. Resentencing Hearing, 10/9/15, at 30. Since a presentence report was prepared, the court is deemed to have weighed the § 9721(b) factors. *Commonwealth v. Best*, 120 A.3d 329, 348 (Pa.Super. 2015) citing *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988) (where a court has a presentence report we presume that it considered all relevant sentencing factors).

As to the nature and circumstances of the offense, the court expressed its concern for the community in light of Appellee's crimes. It observed that "[p]eople don't want to have their stuff taken from them . . . [they] don't want to be robbed. That's one of the biggest fears people have when you think about society and people in general." Resentencing Hearing, 10/9/15,

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

for inserting such a disingenuous argument into its brief, as our previous decision in *Commonwealth v. Brown*, 120 A.3d 1056 (Pa.Super. 2015) (unpublished memorandum), remanded for resentencing without reaching the merits of Appellee's discretionary sentencing challenge, and the resentencing court apprised the Commonwealth of this fact when it made the same argument at the resentencing hearing. *See* Resentencing Hearing, 10/9/15, at 22-25.

at 26. As such, the court explained its desire to fashion a sentence "to make sure . . . that you [Appellee] don't live like that." *Id*. at 27.

Further, the court displayed a clear understanding of Appellee's character and growth while incarcerated. The court, having presided over Appellee's prior proceedings, recalled the level of support Appellee received at his first sentencing hearing, including his recitation of his experiences while incarcerated. At that hearing, Appellee averred that during the nearly four years he was imprisoned, preceding his initial judgment of sentence, he obtained a GED and served as a GED tutor for other inmates. Sentencing Hearing 8/12/13, at 20-21. Additionally, he became acquainted with a Christian minister who provided guidance and mentored Appellee. *Id*. at 21.

Appellee was also supported by Ms. Maurine McFarland, who testified on his behalf. Ms. McFarland worked for a humanitarian organization that offered behavioral programs to inmates. Ms. McFarland asserted that she was "very impressed" by Appellee's participation and completion of the program and his demonstration of "commitment and consistency." *Id*. at 25-26. She noted that he "acknowledges his mistakes and he applies what he's taught in the best way he can[.]" *Id*. at 26. Ms. McFarland expressed that Appellee had undergone "an amazing transformation" during the time she spent teaching him. *Id*. at 27. In commenting on his experience in prison, Appellee stated, "I was in a position to help people and I did." *Id*. at 39.

Since the trial court conducted Appellee's jury trial and first sentencing hearing, it was well-versed in the findings upon which Appellee's sentence was based. As noted above, the court was also aided by its review of Appellee's PSI. Further, during the resentencing hearing, the court reviewed the sentencing guidelines at length. Resentencing Hearing, 10/9/15, at 4-14. It noted that Appellee had a prior record score of one. Hence, under the standard sentencing ranges, including deadly weapon enhancements for two counts of robbery, Appellee was subject to a minimum of twenty-three years and a maximum of forty-and-one-half years incarceration.[2]

The court then heard argument and allocution from Appellee. Appellee acknowledged the seriousness of his offenses and again described to the court his experiences while being incarcerated. He noted that he hoped to engage in vocational training. *Id*. at 16. In addition, during his allocution, Appellee expanded on this desire, explaining that he intended to pursue carpentry and HVAC, and to further his education. *Id*. at 21-22. He asserted that he planned to work in his aunt's carpentry business upon release. *Id*. at 22; 28-29. Appellee recognized that he had made poor decisions, but that he would "go forth with real effort" to achieve these

---

[2] Despite being convicted of thirteen violations of the Uniform Firearm Act, in light of our holding previously on appeal, as described *supra*, Appellee was only subject to sentencing for a single count each of persons not to possess a firearm, possessing a firearm without a license, and carrying a firearm on public streets in Philadelphia. *See* 18 Pa.C.S. §§ 6105, 6106, and 6108.

goals. *Id*. at 22. The court noted Appellee's opportunity to work for his family's construction business, but, nevertheless, cautioned him that his reentry into the community would require sacrifice, stating, "It's hard to live right. It's easy to live wrong." *Id*. at 30.

Following Appellee's statements, the sentencing court commented that it had:

> spent a lot of time thinking about this case, especially in light of the fact that I knew it was coming back for resentencing. And I spent time thinking about your transgressions and the reports I've read, your sentencing previously and again, for this purpose, this sentence. There was elaborate extensive testimony at your sentencing. It was lengthy. A lot of support from your family. Even other people, social worker, lots of folks in your corner. And I think that at this resentencing it's important for the Court to consider any value that you may have to society at this point.

*Id*. at 25-26. Prior to rendering Appellee's judgment of sentence, the court concluded

> I'm considering all the appropriate arguments of counsel. I'm considering the prior record score report, the PSI, the evidence presented, as well as documents submitted by counsel, [Appellee's] statements and allocution, our discussion, and now that's all considered in my sentence.

*Id*. 30.

The court then imposed a sentence of two-and-one-half to five years for one count of persons not to possess a firearm and two-and-one-half years for one count of possessing a firearm without a license, and no further penalty for the remaining firearm violations. Appellee received one to two

years imprisonment each for two counts of simple assault, six to twelve months incarceration for possessing an instrument of crime, three to six years for one count of aggravated assault, and three to six years each for three counts of robbery. All sentences of imprisonment were set to run concurrently.[3]

In fashioning a five year probationary period running consecutively to his incarceration, the court provided Appellee with the following warning:

> You're still so young. I want to make sure you make the right choices. You escaped the hangman's noose here. But I think with the family support, and with your attitude I think you can do it . . . So if he had a violation, [probation] will allow the [trial court] to go back to the way it was pretty easily. And at that point there really wouldn't be any opportunity to come back here and do this again . . . I'll figure out what the sentence was, and I'll give you basically the same sentence you had before.

*Id*. at 34-35; 36-37.

Contrary to the Commonwealth's contentions, we find that the sentencing court set forth numerous reasons in support of its sentencing scheme. The court discussed the danger Appellee posed to the community in light of the gravity of his offenses, and the difficulty he faced in becoming a rehabilitated member of the community. With the benefit of its own experience with Appellee, the record, and the PSI, the court was well-

_____

[3] On February 10, 2016, the court granted Appellee's motion for credit for time served, and thereafter, he was released from his imprisonment subject to a five-year probationary sentence.

acquainted with the nature and circumstances of the offenses and the characteristics of Appellee. Although the court was aware of the sentencing guidelines, it explained, on the record, why it was departing from those suggestions. Hence, we find the resentencing court did not abuse its discretion in sentencing Appellee to three to six years incarceration followed by five years probation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2017