J-S90011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MADELINE GUGLIELMO | : | |
| Appellant | : | No. 1064 EDA 2016 |

Appeal from the Judgment of Sentence November 19, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005484-2013

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MADELINE GUGLIELMO | : | |
| Appellant | : | No. 1065 EDA 2016 |

Appeal from the Judgment of Sentence November 19, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005109-2013

BEFORE: OTT, SOLANO, and JENKINS, JJ.

MEMORANDUM BY OTT, J.: **FILED MARCH 15, 2017**

Madeline Guglielmo appeals from the judgment of sentence imposed on November 19, 2013, in the Delaware County Court of Common Pleas. The trial court sentenced Guglielmo to an aggregate term of four to eight years' imprisonment and five years' consecutive probation, following her open guilty plea, in two separate cases, to theft by deception and related

charges. Relevant to this appeal, Guglielmo was also ordered to pay $137,302.31 in restitution at Docket No. 5109-2013, and $1,328.05 in restitution at Docket No. 5484-2013. On appeal, Guglielmo challenges the discretionary aspects of her sentence, and contends the restitution orders were illegal. For the reasons below, we affirm.

The facts and procedural history underlying this appeal are as follows. On October 29, 2013, Guglielmo entered an open guilty plea in two separate cases. At Docket No. 5109-2013, she pled guilty to charges of theft by deception, criminal use of communication facility, and access device fraud[1] for obtaining, under false pretenses, more than $100,000 from an elderly family friend in 2012 and 2013.[2] At Docket No. 5484-2013, Guglielmo entered a plea to one count of theft by deception for issuing a check with insufficient funds to Arlington Cemetery for her mother's interment.[3] At the conclusion of the plea hearing, the trial court scheduled a deferred sentencing date in order to obtain a presentence investigation report and psychiatric evaluation.

_____

[1] **See** 18 Pa.C.S. 3922(a)(1), 7512(a), and 4106(a), respectively.

[2] The victim and Guglielmo's mother were close friends. **See** Criminal Complaint, 7/18/2013, Affidavit of Probable Cause at 1. Guglielmo told the victim she needed the money to pay for medical treatments for her sick husband. **See id.** However, she then used the money obtained to pay household bills and go on shopping sprees. **See id.** at 2.

[3] **See** 18 Pa.C.S. § 3922(a)(1).

On November 19, 2013, Guglielmo appeared before the sentencing court. At Docket No. 5109-2013, the court imposed the following sentence: (1) on the charge of theft, a term of two to four years' imprisonment; (2) on the charge of criminal use of a communication facility, a consecutive term of one to two years' imprisonment, followed by three years' probation; and (3) on the charge of access device fraud, a consecutive term of one to two years' imprisonment, followed by two years' probation. The theft sentence was imposed in the aggravated range of the guidelines. Moreover, the court directed that the aggregate sentence run consecutively to a probation revocation sentence imposed on September 18, 2013. At Docket No., 5484-2013, the court imposed a term of one to two years' imprisonment on the theft count, to run concurrently to the sentence at Docket No. 5109-2013. Guglielmo filed a timely, *pro se* post-sentence motion requesting reconsideration of her sentence. However, before the trial court considered the motion, Guglielmo filed a *pro se* notice of appeal. Two days later, counsel filed a notice of appeal.[4]

---

[4] We note that the sentence was imposed by the Honorable Patricia H. Jenkins, who presided over Guglielmo's guilty plea and sentencing hearing. However, after the initial notice of appeal was filed, Judge Jenkins was appointed to this Court and the case was reassigned to the Honorable Gregory M. Mallon. *See* Trial Court Opinion, 6/22/2016, at 3 n.2.

When these appeals first appeared before this Court, counsel filed a petition to withdraw and an ***Anders***[5] brief. However, a panel of this Court, quashed the appeal in a judgment order, finding the appeal was interlocutory because Guglielmo (and counsel) filed a notice of appeal while her *pro se* post-sentence motion was still pending. ***See Commonwealth v. Guglielmo***, 2015 WL 6114287 [2 EDA 2014] (Pa. Super. 2015). Accordingly, the panel denied counsel's petition and remanded the case for further proceedings.[6] ***See id.***

Upon remand, counsel filed an amended post-sentence motion requesting reconsideration of Guglielmo's sentence. Specifically, counsel asserted the sentence imposed was "harsh and excessive under the circumstances" and the restitution order was illegal because the court did not "specify the amount and method of restitution." Amended Post-Sentence Motions, 11/16/2015. Following a hearing on January 6, 2016, the court denied the post-sentence motion by order dated March 7, 2016. This timely appeal followed.[7]

---

[5] ***Anders v. California***, 386 U.S. 738 (1967).

[6] Specifically, the panel directed the trial court to forward Guglielmos' *pro se* motion to counsel so that counsel could file an amended post-sentence motion. ***See id.***

[7] On April 14, 2016, the trial court ordered Guglielmo to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Guglielmo complied with the court's directive, and filed a concise statement on May 5, 2016.

In her first issue on appeal, Guglielmo argues the sentence imposed by the trial court was harsh and excessive under the circumstances of her case. Specifically, she contends the court failed to consider the factors listed in 42 Pa.C.S. § 9725 before imposing a sentence of total confinement. **See** Guglielmo's Brief at 20. Rather, she insists the sentence she received for her non-violent offense is "commensurate with that of rapists and robbers." **Id.** She maintains the trial court failed to consider "just what kind of person" she is, her risk of recidivism, and her need for "correctional treatment." **Id.**

It is well-established that "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. Hoch**, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). Here, Guglielmo complied with the procedural requirements for this appeal by filing a timely post-sentence motion for modification of sentence, and subsequent notice of appeal, and by including in her appellate brief a statement of reasons relied upon for appeal pursuant to **Commonwealth v. Tuladziecki**, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). **See Commonwealth v. Edwards**, 71 A.3d 323, 329-330 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013). Therefore, we must determine whether she raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). Guglielmo's contention that the trial court failed to consider the factors listed in Section 9725 before imposing a sentence of total confinement constitutes a substantial question that the sentence imposed was "inconsistent with a specific provision of the Sentencing Code." *Id.*

Preliminarily, we note "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. McLaine*, 150 A.3d 70, 75 (Pa. Super. 2016) (quotation omitted). When this Court reviews a sentence on direct appeal, the Sentencing Code requires us to vacate a sentence and remand for re-sentencing if, *inter alia*, the defendant was "sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). When reviewing the record, we should consider the following factors:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

*Id.* at § 9781(d)(1)-(4).

Guglielmo's specific complaint focuses on Section 9725, which provides, in relevant part:

The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S. § 9725.

Upon our review of the record, the parties' briefs and the relevant statutory and case law, we find the trial court properly considered the requisite factors listed in Section 9725 before sentencing Guglielmo to a term of total confinement. We note, initially, the trial court reviewed both a psychiatric evaluation of Guglielmo and a presentence investigation report prior to the sentencing hearing. *See* N.T., 11/19/2013, at 5. *See Ventura*, *supra*, 975 A.2d at 1135 ("[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate

sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.").

Moreover, the court acknowledged the sentencing guideline ranges, and the Commonwealth's intention to seek a mandatory minimum sentence for Guglielmo's conviction of theft at Docket No. 5109 of 2013[8]. ***See*** N.T., 11/19/2013, at 4. After hearing the testimony of the elderly victim's daughter and Guglielmo herself, the trial court provided the following reasons for its sentence:

> Ms. Guglielmo is a thief, not just once, not twice, but three times over. And her actions were despicable and her choice of victims, not just any senior citizen, but her mother's best friend. And I find disingenuous her representations today that she has any regret whatsoever. She represented to [the elderly victim] Ms. Romaine that she needed Ms. Romaine's money to pay medical expenses for her ill husband and her husband is in fact ill, but she didn't use the money for medical expenses. She used it for shopping sprees. She went to Nordstrom, went to Sears. I forget the list of retail establishment[s] that she frequented, but she didn't pay medical expenses and when asked she said that she really didn't need to steal the money anyway because if she'd asked for it Ms. Romaine would have given it to her. So

---

[8] Section 9717 of the Sentencing Code provides for a mandatory sentence of one-year imprisonment when a defendant, who is under the age of 60, is convicted of theft by deception of a victim who is over the age of 60. 42 Pa.C.S. § 9717(a). The imposition of the mandatory minimum, however, is "discretionary with the court where the court finds justifiable cause and that finding is written in the opinion." ***Id.*** We note that the two to four year sentence imposed by the trial court on the theft by deception count herein, exceeded the one-year mandatory minimum, and fell within the aggravated range of the sentencing guidelines. ***See*** Guideline Sentence Form, 11/19/2013.

why did she steal it? Why didn't she just ask for it if it would have been given to her anyway? This is unclear to me. Perhaps she enjoyed stealing it. I'm compelled to look at aggravators and mitigators in fashioning an appropriate sentence. I've just named some of the aggravators. If I didn't describe it clearly enough we'll say victim impact, she stole the life savings of a senior citizen. She violated a trusting relationship they had. Her scheme was one that required a great deal of planning. It wasn't an impetuous event. She had a prior history of the same kind of behavior. She paid no restitution on these claims. She didn't pay restitution on her earlier case, but her family members paid it for her. So although she's accepted responsibility in terms of entering into a plea it's really questionable whether she's truly accepted responsibility because she hasn't made good on her obligation to repay the money that she stole. She took advantage not only of Ms. Romaine, but she took advantage of her husband's illness in using it as an excuse to swindle Ms. Romaine out of her life savings. I see no mitigator that even comes close to measuring up against all of the aggravators in this situation. I think the Commonwealth is correct that a sentence in the aggravated range is correct, that it is appropriate. And if I have any realistic expectation that Ms. Guglielmo would pay back Ms. Romaine that might impact on the sentence imposed, but that's not what she does. And I haven't been afforded any plan that she can put forward that would enable her to repay the money.

N.T., 11/19/2013, at 17-19.

We find the trial court's detailed explanation for imposition of the sentence herein demonstrates its consideration of the relevant sentencing factors listed in Section 9725. We emphasize Guglielmo committed the present offenses while she was on probation for a 2011 theft by deception case. *See id.* at 12. Therefore, the court was justified in concluding that if a sentence of less than total confinement was imposed, there was an "undue risk" that Guglielmo would commit another crime. 42 Pa.C.S. § 9725(1). Further, the court's comments cited above demonstrate Guglielmo's need for

"correctional treatment" and the court's belief that "a lesser sentence will depreciate the seriousness" of Guglielmo's offenses. *Id.* at § 9725(2)-(3). Accordingly, we find no abuse of discretion on the part of the trial court in sentencing Guglielmo to an aggregate term of four to eight years' imprisonment.[9]

Next, Guglielmo contends her sentence is illegal because the sentencing court failed to follow the requirements of 18 Pa.C.S. § 1106(c)(2) before ordering her to pay restitution as part of her sentence. Such a claim challenges the legality of her sentence.[10] *See Commonwealth v. Smith*, 956 A.2d 1029, 1033 (Pa. Super. 2008), *appeal denied*, 989 A.2d 917 (Pa. 2010).

A trial court's authority to order restitution is codified at 18 Pa.C.S. § 1106. Section 1106 mandates, in relevant part, that when property has

---

[9] To the extent Guglielmo argues the trial court abused its discretion in imposing consecutive sentences for her offenses, we note that such a claim fails to raise a substantial question for our review. *See* Guglielmo's Brief at 21. This Court has held: "[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Austin*, 66 A.3d 798, 808 (2013) (citation omitted), *appeal denied*, 77 A.3d 1258 (Pa. 2013). No such extreme circumstances are present here.

[10] We note that "[i]n the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence." *Commonwealth v. Holmes*, ___A.3d ___, ___, 2017 WL 337093, *6 (Pa. Super. Ct. Jan. 4, 2017) (*en banc*) (citation omitted).

been unlawfully obtained as a direct result of a crime, "the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor." 18 Pa.C.S. § 1106(a). Subsection (c)(1) states full restitution is mandatory "[r]egardless of the current financial resources of the defendant." *Id.* at § 1106(c)(1)(i). Relevant to Guglielmo's claim, subsection (c)(2) further provides:

> (2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:
>
>> (i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.
>>
>> (ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.
>
> * * * *
>
>> (iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

*Id.* at § 1106(c)(2)(ii).

Here, Guglielmo claims the court failed to follow the requirements of Section 1106(c)(2). In cursory fashion, she asserts the sentencing court failed to (1) specify the amount and method of restitution, (2) consider the extent of the injury suffered by the victim, and (3) consider other preexisting orders imposed on her. *See* Guglielmo's Brief at 22. Rather, she claims "[t]he figure was given [by the Commonwealth] and the facts on

the victim [were] considered, but little else." ***Id.*** Without any analysis, Guglielmo submits "her issue is similar to that in ***Commonwealth v. Smith***[, ***supra***.]" ***Id.*** at 23.

In ***Smith***, the defendant was convicted of aggravated assault and related charges after his infant son was diagnosed with Shaken Baby Syndrome. ***Smith***, ***supra***, 956 A.2d at 1031. At sentencing, the trial court imposed a five to ten year prison term, and ordered the defendant to pay restitution "up to a maximum amount of $1,481,562.54[,]" which included both "expenses incurred in the past and those that will be incurred in the future." ***Id.*** at 1031 n.1. On appeal, the defendant argued, *inter alia*, that the court "violated the express terms of the restitution statute" by failing to "set an amount and method of payment at sentencing," but rather, "improperly delegated its duties to the Department of Probation and Parole." ***Id.*** at 1032-1033.

The ***Smith*** panel agreed with the defendant. The panel emphasized that a trial court "may not impose a general order of restitution at sentencing and then 'work out the details' and amounts at a later date." ***Id.*** at 1033 (citation omitted). The panel explained:

> We recognize that the court held a post-sentence motion hearing at which the court attempted to clarify both the amount and method of payment. N.T., 5/19/2006, at 4-5. Specifically, the court indicated its belief that [the defendant] would pay the amounts that the [Department of Public Welfare] incurs on an ongoing, "pay-as-you-go" basis. ***Id.*** at 5–6; *see also* Trial Court Opinion, 8/14/2006, at 4 n. 2 ("It is important to note that the Commonwealth is not seeking these costs from Defendant unless they are actually incurred by [the victim]. The purpose of

- 12 -

including them in restitution is only so that if such costs are accrued, Defendant will be responsible for their payment.") Unfortunately, the court never modified the sentencing order to make these facts clear. Rather, the certified record continues to reflect only a generalized order of restitution with no amount or method of payment. We are constrained to hold that such an order is illegal and must be corrected.

*Id.* at 1034 (footnotes omitted).[11]

We find the facts in the instant case distinguishable. First, during the sentencing hearing, the attorney for the Commonwealth specifically stated "the parties have come to some understanding as to the amount of restitution [at Docket No. 5109-2013] and that amount is $137,302.31." N.T., 11/19/2013, at 4. Moreover, the attorney also noted that while the original amount stolen at Docket 5484-2013 was $2,160.00, some of Guglielmo's family members "paid some money down so the actual amount owed is $1,328.05." *Id.* at 11-12. Guglielmo did not object to either of the restitution amounts as stated by the Commonwealth. Unlike in **Smith**, the amount of restitution on each charge was firmly established at the time of sentencing. **See Smith**, **supra**, at 1034 (holding court's order of restitution which included a "maximum cap" was illegal).

Second, although we agree the sentencing court did not explicitly direct the method by which Guglielmo was to pay the restitution, we also

---

[11] The panel specifically noted that it had "no quarrel with the broad outlines of the trial court's proposed restitution scheme" and the court could have "set up a plan where DPW submits expenses on a yearly basis, and gives [the defendant] the opportunity to review those expenses before the court reviews them and orders [the defendant] to pay them." *Id.* at 1034 n.3.

agree with the conclusion of the trial court that it was implicit in the sentencing transcript that "Judge Jenkins ordered [Guglielmo] to pay the restitution in a lump sum, which is permitted under the sentencing code." Trial Court Opinion, 6/22/2016, at 7.

Moreover, we find Guglielmo's complaints that the sentencing court failed to consider both the extent of the victims' injuries and any other preexisting orders disingenuous. As noted above, the sentencing court was informed, without objection, that the parties agreed to the amount of restitution owed under each docket. **See** N.T., 11/19/2013, at 4, 11-12. Indeed, the restitution ordered at Docket No. 5484-2013 was reduced after the Commonwealth acknowledged the victim was reimbursed, in part, by Guglielmo's family members. **See id.** at 11-12. Furthermore, Guglielmo has not provided this Court with any information regarding outstanding restitution orders in other cases that may have impacted the restitution orders herein. Accordingly, no relief is warranted.

Therefore, we conclude the trial court did not err or abuse its discretion in sentencing Guglielmo to an aggregate term of four to eight years' imprisonment, and ordering her to pay $138,630.36 in restitution. Consequently, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judge Jenkins did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/15/2017</u>